[No. 2881. Decided May 20, 1898.]

MARY J. ANDERSON, *Administratrix, Respondent,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant.*

APPEAL — BRIEFS — ALTERING STATEMENT AFTER SETTLEMENT — NEG-
LIGENCE — DANGEROUS PREMISES — TRESPASS.

A brief filed irregularly and out of time by one not an attorney of record in the case will be stricken from the files.

Where a statement of facts as filed, served and settled, contained an exception to an erroneous instruction, and it was a disputed question as to whether the exception had been taken, the action of the court in granting a motion several months after settlement to strike the exception was unwarranted, when there was no showing of fraud respecting the insertion of the exception.

One who goes upon the land of another on a dark and stormy night, with knowledge of an exposed pit thereon, and is injured by falling into the pit, which was located at a point more than fifty feet from the customary path across the premises, is chargeable with such negligence as to bar recovery on his part.

Proof that plaintiff's intestate was found at the bottom of a pit five feet deep, on the morning following a dark and stormy night, severely injured (apparently by a fall), and unconscious, dying shortly after as a result of his injuries, and there was blood upon one of the stone walls of the pit, where his head had evidently struck, is sufficient, after verdict, to establish the fact that his death was caused by falling into the excavation.

One who goes upon the land of another after notice to keep off, is a trespasser, regardless of the purpose for which the notice was given, as such notice is sufficient to rebut any presumption of license.

Appeal from Superior Court, Lincoln County.—Hon. C. H. NEAL, Judge.  Reversed.

*Stoll, Stephens, Bunn & Macdonald*, and *D. J. Crowley*, for appellant.

*N. T. Caton*, and *Mount & Merritt*, for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This action was brought by the plaintiff to recover damages of the defendant for the death of her husband.  Before argument on the merits a motion was made by respondent to strike an additional brief filed by one of the general attorneys for the company, but who was not an attorney of record in the case.  The brief having been filed irregularly and out of time, the motion to strike was granted.  Also, the appellant moved to strike several orders made by the court some months after the settlement of the statement of facts, granting a motion to strike therefrom an exception to one of the instructions.  The statement was filed and served in January, 1898.  No amendments having been proposed, after the lapse of time

provided therefor the statement was settled accordingly. It is conceded that the exception to the instruction was contained in the statement as filed, served and settled, but it was contended by the respondent that it was not in fact taken at the time of the trial. This was disputed by the appellant. The instruction related to the measure of damages and is conceded to have been erroneous. The statement was prepared under the direction of counsel who did not try the cause. There being no fraud claimed or shown, and it being a disputed question as to whether the exception was taken, considering the regularity of the settlement the court was of the opinion that the exception should stand, and the motion to strike the subsequent orders was granted.

The verdict recovered was in the sum of $30,000 and was largely excessive. The deceased was not a skilled workman, but an ordinary laborer forty-two years of age, and had not earned at any time to exceed $50 per month, and that as a railroad laborer. At the time of his death, and for some time previous thereto, he was working in a saloon at $30 a month. Were it only a question of excessive damages and no error of law, the court might have followed the plan sometimes adopted of allowing the plaintiff to elect to take a lesser sum; but there are other and more important questions raised, going to the right of the plaintiff to recover at all, and it will be necessary to make a fuller statement of facts.

The defendant was the owner of an irregular tract of land of some extent near the business portion of the city of Sprague, which had been used by it as a yard and site for its railroad shops. In the summer of 1895 the shops were destroyed by fire and temporary structures built, which were used for some time and then removed and the yards abandoned except for a pump house. The property was

unfenced and persons were in the habit of crossing it on
the way between their homes and the business portion of
the city.   In this plat of ground was a pit five feet deep,
six feet wide and from eight to eleven feet long, left ex-
posed, which had been formerly used by the company in
cleaning its engines.   Its use was discontinued some months
previous to the injury, which happened on the 24th of
March, 1897.   The sides of the pit had been walled up
with stone.   The night of the 24th of March was a dark
and stormy one, and the evidence went to show that the
deceased, in going from the place where he was at work
to his home on said night, fell into this pit, striking his head
against the opposite wall, resulting in injuries which soon
caused his death.   It is contended by the appellant that
the proof was insufficient to show that the deceased came
to his death in this manner.   It was proved that he was
found in the pit next morning, severely injured, appar-
ently by a fall, and unconscious, there being blood upon
the wall where evidently his head had struck.   In support
of the verdict, we think the evidence was sufficient to show
that his death was caused in the manner indicated.   It is
also conceded that the deceased was not upon the defend-
ant's premises in consequence of any business he had with
the defendant, but crossed the same purely for his own
purposes and convenience.   One of the defenses was that
the deceased was guilty of contributory negligence in en-
deavoring to cross the tract in question on such a dark and
stormy night that he was unable to see the excavation.
It is also conceded that deceased knew of this excavation
when it was in use by the company, but it is contended
that there was nothing to show that he knew it was there
at the time of his death.   It also appears from the undis-
puted testimony that persons in crossing this tract were
in the habit of following certain paths and that the nearest

path to this pit was some fifty-five feet distant at its nearest point.

We are of the opinion that this case falls clearly within the principle of many others decided by this court, where no recovery was allowed as a matter of law. It having been shown that the deceased had knowledge of the excavation as aforesaid, and it also appearing that he had been in the habit or had frequently crossed the tract in question up to the time of the injury, and the pit being open and exposed and nothing to prevent its being seen, at least when near it, it must be presumed that he had knowledge of its existence and was chargeable with negligence in attempting to cross when it was so dark that he could not see the pit or follow the paths which had been used by people in crossing the tract.

Another defense urged against the right of plaintiff to recover was that deceased was a trespasser upon the tract and had been warned by the agents of the company to keep off from it and not to cross it. It is conceded that notice to this effect had been given him, but it is contended that these warnings, with one exception, which will be noticed later, were given soon after the property was destroyed by fire or its use discontinued, which was some months previous to the injury, and it is contended that they were given only for the purpose of protecting the company's property from being stolen. Notices were posted, warning all people to keep off of the premises, and many of them, including the deceased, had been told personally to keep off. The respondent contends that, as it appears that the purpose of the company in giving these notices was to protect its property from theft, it conveyed no notice to the deceased that there was any danger in crossing the tract, and that, in any event, the defendant was liable for suffering the pit to remain exposed. There was testimony

by one witness that a warning had been given to the deceased a short time before the injury, to keep off the premises, but it is contended by the respondent that this witness was contradicted or impeached and the jury were justified in disbelieving him, and we accept that contention, as in passing upon these grounds only the conceded or undisputed facts will be considered. We are also of the opinion that it was the duty of the company, upon abandoning and discontinuing the use of the pit, to have either filled it up or inclosed it in such a manner that a person would not be likely to fall therein, but that this would only hold good as to persons who had no knowledge of the existence of the pit and who had not been personally warned of the intention and desire of the company to exclude people from the tract. Respondent contends that it was the only convenient way, during times of high water, such as existed at the time of this injury, for the deceased and many others to reach their homes from the business portion of the town, and that they were permitted to use it at such times, but no permission was shown further than that there may have been no forcible resistance. The people who did cross it, did so in spite of the notices. There was no obligation upon the railroad company to provide them a way, and if they saw fit to make use of the defendant's property, after having been personally notified to keep off of it, they did so at their own risk. Nor was the fact material as to what induced the company to give the notice. It was effectual to rebut the presumption of a license, regardless of the purpose for which it was given. These facts clearly distinguish the case from that of *Rowe v. Ballard, ante,* p. 1 (52 Pac. 321), and *Roth v. Union Depot Company,* 13 Wash. 525 (43 Pac. 641); for here actual knowledge of the existence of the pit was shown and also a notice to a person capable of understanding it to keep off of the tract in question.

The motion of the defendant for a directed verdict in its favor should have been granted. The judgment is reversed and the cause remanded with instructions to render judgment for the defendant.

GORDON and DUNBAR, JJ., concur.

ANDERS and REAVIS, JJ., concur in the result.