[No. 3400. Decided February 13, 1900.]

J. W. REYNOLDS, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.

RAILROADS—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

Where a person well acquainted with all the surroundings attempts to cross a network of tracks at a point that is not a common highway, while within 150 feet of the point is a street where he could have crossed in comparative security, and he is run over and injured by a train backing down upon one of the tracks, he is guilty of such negligence as to bar a recovery.

Appeal from Superior Court, King County. — Hon. JOHN K. BROWN, Judge *pro tem*. Reversed.

*Struve, Allen, Hughes & McMicken* (*Crowley & Grosscup*, of counsel), for appellant.

*Fred. H. Peterson*, for respondent.

The opinion of the court was delivered by

GORDON, C. J.—The defendant appeals from a judgment of the superior court of King county rendered in plaintiff's favor for damages alleged to have been sustained while crossing its tracks at a place in the city of Seattle called "King Street." At the conclusion of the evidence, defendant requested the court to withdraw the case from the jury and to render judgment in its favor. The motion was denied, and exception taken. This ruling presents the only question necessary to be considered.

It appears from the testimony of the plaintiff that on the evening of January 6, 1899, he had visited a friend on board a vessel loading at the coal bunkers, located a short distance west of the point where the injuries are alleged to have been sustained. He testifies that on returning, as he approached defendant's track from the west, he stopped, looked both ways, saw no light, heard no bell or whistle or

other noise to apprise him of danger, and then proceeded to cross the track, when he was suddenly struck by the rear end of a freight car, which was, with other freight cars, being backed northwesterly along defendant's track; that the night was dark, but there were several inches of snow on the ground; that, at the time of the collision, the car which struck him was moving at a rate of about eight miles per hour; that the place of injury was a public thoroughfare, known as "King Street," where people had continuously crossed for a long time previous to the accident; that while lying beside the track, after the injury occurred, he could distinctly read the names and numbers of the moving cars.

The particular negligence charged by the plaintiff is that the defendant, while backing its train, had no lookout or light at the rear end; that no bell was rung or whistle sounded.

There is no dispute in the evidence as to the point where the collision occurred, nor as to the character of the surroundings; and various photographs of different material points surrounding the place of injury, including the latter as well, were introduced in evidence and have been brought up in the record.

Within one hundred and fifty feet of where the plaintiff attempted to cross the track, there was a street and sidewalk, across which gates were maintained, at which there was a flagman stationed, and a safe and well lighted crossing provided. Within a short distance of the point where the injury was alleged to have occurred there were also three electric arc lights burning; within a space of one hundred and fifty feet of the point of the injury, and paralleling the track of appellant, were numerous other railway tracks, belonging to the Great Northern Railway Company, to the Northern Pacific Railway Company, and the Columbia and Puget Sound Railway Company, and

the route by which plaintiff was traveling when struck down lay across all of these tracks. There is no planking between any of these tracks at that point. The city engineer of the city was called as a witness by the defendant, and testified that the point at which the injury occurred was not in a public street; that King street had never been opened within a distance nearer than three blocks of the point of the injury. Nevertheless it is contended by the plaintiff that the place at which he attempted to cross is a public thoroughfare. It is not pretended that the photographs to which we have referred are incorrect, and a glance at them shows how extremely difficult it would be for teams or vehicles to cross the numerous tracks between which there was no planking or filling of any kind, and no approaches of any sort or character.

However, within one hundred and fifty feet of the point, as has been said, was Commercial street, with sidewalks extending across the tracks, and gates and other appliances for the protection of the traveling public, where, also, a watchman was stationed to insure the safe passage of travelers. The plaintiff was entirely familiar with the surroundings, having lived in the vicinity for a number of years, and possessed the ordinary faculties of sight and hearing.

To state the undisputed facts is to furnish conclusive reasons for the reversal of the judgment. It is impossible to escape the conclusion that, if the plaintiff had used due care and prudence, the injury would have been avoided. Jurors cannot be permitted to ignore undisputed facts, and courts ought not to permit a verdict to stand which violates reason. It can make no difference with the result in this case whether we consider the injury as occurring at a public crossing or otherwise. This way was known by the plaintiff to be unsafe. Here was a perfect network of tracks, with trains and locomotives almost constantly pass-

ing and repassing. He voluntarily took the risk of obvious and serious danger merely to avoid inconvenience, and he must bear the consequences of his folly. An examination of the record and a consideration of the entire situation as established by undisputed testimony makes the conclusion irresistible that, if the plaintiff had exercised common and ordinary prudence, the injury would have been averted.

The judgment must be reversed and the cause remanded, with directions to dismiss the action.

DUNBAR, FULLERTON and REAVIS, JJ., concur.