LILLIE P. MURRELL, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 15, 1904.

1. **RAILROADS: Negligence: Ordinance: Speed.** Running a train through an incorporated city at a greater rate of speed than is prescribed by the ordinance regulating such matters is such negligence as to render the defendant liable for personal injury caused thereby.

2. ———: ———: **Trespasser: Licensee.** Where the defendant railroad had sign-boards warning people on its tracks and right of way of danger, but the warning had never been obeyed for a great number of years as was known to the defendant's employees. *Held*, plaintiff, who was injured while walking over its tracks was not a trespasser.

3. ———: ———: **Avoiding Danger After Notice.** Though the plaintiff be guilty of negligence which ordinarily bars recovery, yet if the defendant's negligence in the speed of the train rendered it impossible to stop the same after plaintiff's negligence and danger is discovered, the company is guilty of negligence which created the impossibility and is liable for the resulting injury.

4. ———: ———: **Speed: Ordinance: Licensee: Instructions.** Instructions are reviewed, approved and criticised.

5. ————: ————: **Persons on Track: Engineer's Duty: Speed.**
The rule that an engineer may rightfully assume that persons
seen on or along the track will get out of the way does not
apply where the speed is unlawful and the engineer fails to
reduce it within the legal limits after seeing a person on or
near the track. Moore v. Railway, 176 Mo. 528, distinguished.

6. ————: ————: **Contributory Negligence: Plaintiff's Assump-
tion.** Though plaintiff, a licensee on the railroad track, may
have observed the approaching train, yet he has the right to
assume the speed to be lawful and conduct himself accordingly.

Appeal from Cole Circuit Court.—*Hon. J. E. Hazell,*
Judge.

AFFIRMED.

*Wm. S. Shirk* for appellant.

(1) The plaintiff was a trespasser on defendant's
tracks. Under such circumstances, she was not even a
licensee, but a naked trespasser. R. S. 1899, sec. 1105;
Hyde v. Railway, 117 Mo. 202; O'Donnell v. Railway,
7 Mo. App. 190; Ostertag v. Railroad, 64 Mo. 421;
Railway v. Talbot, 85 Ga. 447; Railway v. Meyers, 136
Ind. 242; Gweeney v. Railroad, 128 Mass. 5; Glass v.
Railway, 94 Ala. 581; Railway v. Godfrey, 71 Ill. 500;
Blanchard v. Railway, 126 Ill. 799; Eggman v. Railroad,
47 Ill. App. 507; Railway v. State, 62 Md. 479. (2)
The plaintiff was a trespasser even under the following
Missouri cases, usually cited to a contrary doctrine:
Williams v. Railway, 96 Mo. 275; LeMay v. Railway,
105 Mo. 361; Lynch v. Railway, 111 Mo. 601; Easley
v. Railway, 113 Mo. 236; Fielden v. Railway, 107 Mo.
645; Morgan v. Railway, 159 Mo. 262. (3) Being a
trespasser, the engineer and fireman was not bound to
be upon the lookout for her. Elliott on Railways, sec.
1252, p. 1957, and the following: Williams v. Railroad,
96 Mo. 275; Riley v. Railroad, 68 Mo. App. 652; Rine
v. Railway, 100 Mo. 228; Barker v. Railway, 98 Mo. 50;
Yarnall v. Railway, 75 Mo. 579; Donohue v. Railway,

83 Mo. 554; Shaw v. Railway, 104 Mo. 656; Coatney v. Railway, 151 Mo. 49; Hall v. Powers, 12 Metc. 482. (4) The engineer was upon the lookout, and saw her before she put herself in a position of peril. The train was running west, which threw the engineer on the north side of the engine. Plaintiff was south of the track, and the engineer as he run toward her lost sight of her. As she stepped from south of the main track, onto the main track, the fireman saw her, and shouted to the engineer who immediately did all in his power to prevent striking her. This was all that the law requires. Feeback v. Railway, 167 Mo. 266; Dunkman v. Rail-. way, 95 Mo. 232; Guenther v. Railway, 108 Mo. 18; Halliman v. Railway, 71 Mo. 14; Malloy v. Railway, 84 Mo. 270; Langan v. Railway, 72 Mo. 394; Coatney v. Railway, 151 Mo. 49. (5) And the engineer was not bound to slow up his engine or stop it, until he saw her in a position of danger. He had a right to presume that plaintiff being in full sight of his train, would not step upon the track in front of it. Guyer v. Railway, 73 S. W. 584; Reardon v. Railway, 114 Mo. 384; Bell v. Railway, 72 Mo. 50; Maloney v. Railway, 84 Mo. 270; Bunyan v. Railway, 127 Mo. 12. A more pronounced case of contributory negligence it would be hard to imagine. Tanner v. Railroad, 161 Mo. 497; Guyer v. Railway, 73 S. W. 584; Sharp v. Railway, 161 Mo. 214; Vogg v. Railway, 138 Mo. 172; Hook v. Railway, 162 Mo. 569; Peterson v. Railway, 156 Mo. 552; Merrielies v. Railway, 163 Mo. 470; Elliott on Railways, sec. 1166, and note p. 1776; Beach on Con. Neg., sec. 37. And the fact if true that the defendant's fireman and engineer did not ring the bell or sound the whistle was no excuse for this negligence on plaintiff's part. Kries v. Railroad, 148 Mo. 321; Dlauhi v. Railroad, 105 Mo. 645; Corcoran v. Railway, 105 Mo. 399; Hayden v. Railway, 124 Mo. 566; Kelsay v. Railway, 129 Mo. 362; Baker v. Railway, 122 Mo. 533; Vreetland v. Railway, 92 Iowa 292. (6) The court below erred in refusing to sustain

defendant's demurrer to the plaintiff's evidence at the close of plaintiff's case. (7) And as defendant's evidence did not aid plaintiff's case, the demurrer to all the evidence should have been given. Weber v. Railway, 100 Mo. 194; Eberly v. Railroad, 96 Mo. 361; Glover v. Bolt Co., 153 Mo. 342. (8) There was no acquiescence by the company to the public or persons walking on its tracks. Up to within a month or two at furthest, the railway company kept warning notices posted for many years. Under these notices warning all persons not to walk on the tracks, plaintiff was not even a licensee. Such notices, whether the plaintiff ever saw them or not, prove beyond cavil, that defendant did not permit or sanction such use of its tracks. Hyde v. Railway, 110 Mo. 272; Young v. Railway, 156 Mass. 560; Ward v. Railway, 25 Or. 433; Wright v. Railway, 142 Mass. 296.

*Pope & Belch* for respondent.

We submit the following authorities in support of our position: Hutchinson v. Railway, 88 Mo. App. 376; Morgan v. Railway, 159 Mo. 262; Schmidt v. Railway, 160 Mo. 43; Spencer v. Railway, 90 Mo. App. 91; McAndrew v. Railway, 88 Mo. App. 97; Dieter v. Zbaren, 81 Mo. App. 612; Edwards v. Railway, 94 Mo. App. 36; O'Keefe v. Railway, 81 Mo. App. 386; Independence v. Railway, 86 Mo. App. 585.

ELLISON, J.—Plaintiff was struck and severely injured by one of defendant's passenger engines within the corporate limits of Jefferson City. She brought this action to recover damages on account thereof and had judgment in the trial court for three thousand dollars.

There were two counts in the petition. The verdict for plaintiff was on the second count. That count charged that by the ordinances of said city trains were

not permitted to run to exceed five miles per hour and were required to ring the bell of the engine while passing through the corporation. That it was the custom and constant habit of people residing in the western part of the city to pass both ways along the tracks of the railways and that this was observed and known by defendant for more than twenty years. The trial court refused all instructions offered by either party and gave a series of its own motion covering the theories advanced by each. The first count may be considered as eliminated from the case, and we will consider the case as made under the second count.

Plaintiff lived with her father in the western part of the city and on the day in question had been to the station to meet a friend expected from St. Louis. She was disappointed and started home alone, going west along the line of defendant's road. She walked perhaps a part of the time on the track and part by the side. She had proceeded on her way considerably more than a quarter of a mile (about 1,800 feet) when she was struck by defendant's engine drawing a passenger train from the east. She admitted in her testimony that she was on the track and that she neither looked nor listened before going onto it.

The engineer and fireman were witnesses for defendant. The former says he had seen a woman walking by the side of the track, but as he got near, she being on the opposite side from him, he lost sight of her. But in a moment a cry of alarm from the fireman caused him to quickly set his emergency brake, and then he saw plaintiff's hat come back across the steam chest followed almost immediately by her body, when she fell off to the side onto the ground. The fireman said that he had been firing and as he raised up he saw plaintiff in the act of stepping onto the track. He immediately caught the bell rope and called to the engineer. Not allowing that plaintiff was carried a distance before being thrown off the side of the engine, the train was stopped in some-

thing over 300 feet from where she was struck. How far she may have been carried before being thrown off does not appear with any degree of certainty.

There was an abundance of evidence that the train was running at a far greater rate of speed than was prescribed by the ordinance. The facts developed leave ample room for the reasonable inference of two things, either of which would have avoided the accident: First, that if the train had been running at the lawful speed, it could have been stopped by the engineer before it struck plaintiff; or, second, that plaintiff would have cleared the track. Five miles an hour is but little more than a fast walk, and it can readily be seen how quickly the train would have been stopped by the emergency brake, after the engineer undertook to stop it, if it had been going at that safe speed which was prescribed by the ordinance. Conceding plaintiff to have been a trespasser, defendant would not have been under a duty to look out for her. But that concession can not be made with propriety, as we shall show.

The evidence in the cause, including that of the defendant's engineer and fireman long in its service, showed that for many years people had used the right of way and the tracks as a passway. It practically shows that this was with the consent of the company, for while a sign was shown to have been up warning people off, it was never obeyed and defendant knew that for a great many years it had been altogether ignored. The engineer in charge of the train had known it for twenty-four years. It follows that plaintiff was not a trespasser when walking along the track or on the right of way. Morgan v. Railway, 159 Mo. 262. It was the duty of defendant's servants in charge of the engine to keep a lookout for persons on the track, and its liability is not limited to want of care after discovery of the danger. Williams v. Railway, 96 Mo. 275. It was their duty to obey the ordinance as to rate of speed, and in failing to do so they were guilty of negligence. Hutch-

inson v. Railway, 161 Mo. 246; Karle v. Railway, 55 Mo. 476; Edwards v. Railway, 94 Mo. App. 36.

We thus have both parties to the controversy guilty of negligence. Ordinarily, that bars the plaintiff's right of recovery. But when the railway company's servants see the injured party's peril, or, when by ordinary care they might have seen it, in time to avert a collision, and fail to do so, the company is liable. Morgan v. Railway, supra. And although railway servants use every effort to avoid injury after discovering the peril of the person injured and find it impossible to do so, still, that will not excuse them in cases where they have been "guilty of negligence before, which created the impossibility." Maher v. Railway, 64 Mo. 267.

In this case (as has been already stated) the defendant's engineer saw the plaintiff walking between the tracks for a sufficient distance to have easily stopped the train had he supposed she was intending to get upon the track. He does not say so in express words, but it is only fair to assume that he had no such expectation. He however permitted the train to continue in its unlawful speed without ringing the bell or sounding the whistle, until finally, in answer to the alarm given by the fireman, he attempted, too late, to avoid striking her. The jury have found that if the train had been going at lawful speed, she would have escaped. As it was, a stop was made within the limit of between three and four hundred feet; and we repeat, that if the speed had been that prescribed by ordinance, every reasonable inference from the evidence is, either that it would have stopped before reaching her, or else she would have cleared the track. At any rate, defendant can not excuse itself on the ground of impossibility to stop in time to avoid the injury, when its negligence made it impossible.

Complaint is made of the instructions. We only need notice those relating to the second count as the verdict was not on the first. The second submitted the

question of speed and declared that if at a greater rate than permitted by ordinance it was negligence. That if such negligent speed was the immediate cause of the train running against plaintiff, and that the collision could have been prevented by the use of ordinary care by the servants in charge of the engine, if the speed had been as prescribed by ordinance, then the finding should be for the plaintiff.

The third instruction, standing alone, is much narrower than the second. It permits a recovery "if the striking and hurting was directly occasioned by defendant's engine being run at a greater rate of speed than five miles an hour . . . although she was a trespasser," unless "she saw or heard the train coming in time to avert the injury." The second instruction not only required the jury to find that the speed occasioned the injury, but that it could have been prevented by ordinary care if the speed had been that required by ordinance. In permitting plaintiff to be taken as a trespasser, the error was in defendant's favor, at least, certainly not a benefit to plaintiff. But the fault in omitting to qualify the statement by adding a clause as to the engineer being able to stop if the rate of speed had been proper, was cured by instruction number eight, which reads as follows:

"And as to first alleged act of negligence in the second count of plaintiff's amended petition, the court instructs you that although you may find from the evidence that defendant's engine, at the time it struck the plaintiff, was running at a greater rate of speed than five miles per hour, and that such rate of speed was in violation of an ordinance of the city of Jefferson City, yet this fact does not of itself entitle plaintiff to a verdict, but before you can find for the plaintiff on account of this alleged act of negligence, you must further find from the evidence that such rate of speed in excess of five miles per hour was the direct and efficient cause of plaintiff's being struck and that she would not have been

struck if the engine had been running at the rate of five miles per hour.''

Instructions numbered 10, 11, 12 and 13, submitted the proposition that even though defendant's servants by proper care could have seen plaintiff in time to have avoided running against her, yet if she failed to look or listen, when by so doing she would have seen the trains approach, that she could not recover, unless the jury further believed the hypothesis submitted in instruction number two. Defendant says that the main portions of these instructions were right; but that the qualification at the end nullified them and was error against its interest. We do not think so. To have given these instructions without the last clause would have cut out plaintiff's theory, viz.: that notwithstanding her contributory negligence in heedlessly getting into the perilous position, yet, if defendants's servants saw her, or by diligent lookout, might have seen her, in time to have avoided the injury had the train been going at the legal rate of speed, she could recover.

This case really presents very little difference in evidence. The negligence of plaintiff in not looking can not be disputed. The negligence of the defendant in running its train at the unlawful speed is equally indisputable; especially as plaintiff was seen by the engineer either on, or close to the track. It ought then to have suggested itself to him that the rate prescribed by ordinance would be the safer speed. We do not overlook the fact that engineers are not required to stop or slacken speed every time they see persons on or along the track. They rightfully assume such persons will get out of the way. That rule does not apply when the plaintiff's acts, considered in connection with the unlawful speed, does not justify its application.

But it is urged the views herein expressed are in conflict with decisions of the Supreme Court, principally that of Moore v. Railway, 176 Mo. 528. A majority of the court does not assent to the views ex-

pressed in that case; but we make no point on that since Judge MARSHALL distinctly shows, and he repeatedly states, that the deceased in that case walked up to the side of the track and stopped when the car was within twenty feet of her, then when the car was within five feet of her, she deliberately stepped onto the track and was immediately struck and killed; and that *she would have been struck though the car had been running at the lawful speed prescribed by the ordinance,* or even a great deal less. This case presents no such facts, for here the jury has found (as might reasonably be done) that had the train been running at lawful speed, the plaintiff would not have been struck. To apply the Moore case and much of the argument of defendant, to this case, we would be compelled to depart from the facts disclosed by the present record. It may well be conceded to be a true legal proposition that if one intending to cross a railway track and knowing that a train is bearing down upon him at a high and unlawful rate of speed, deliberately steps in its way when it is so near that it can not be stopped, he can not recover, notwithstanding the speed was unlawful. But there is no such fact in this case.

Even if plaintiff had looked and had seen the train, as some of the evidence tended to show, she would have been justified in assuming that it was running at the lawful speed, five miles per hour, and to have governed her conduct accordingly. Jackson v. Railway, 157 Mo. 621; Weller v. Railway, 164 Mo. 180, 199; Hutchinson v. Railway, 161 Mo. 246.

What we have already said sufficiently disposes of the complaint of error in refusing defendant's instructions. In view of the evidence and the small difference therein as to any part of the real controversy, we believe the case was fully and fairly submitted.

The judgment will therefore be affirmed. All concur.