[No. 5148.   Decided March 24, 1905.]

A. C. KALBERG, *Respondent*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

CARRIERS—STREET RAILWAYS—NEGLIGENCE AS TO TRACKS—CONTRIBUTORY NEGLIGENCE OF PASSENGER IN CROSSING TRACK AT IMPROPER PLACE. One who alights at a street car platform, and attempts in the dark to cross the tracks diagonally at a point where they were raised above the level of the ground, and where there was no dedicated or worked roadway, must be held to be guilty of contributory negligence in tripping on the street car rail, where she is familiar with the place 'and dangers, and there was another way by a planked crossing which she could, and sometimes did, use to cross the tracks to her home.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 10, 1903, upon findings in favor of the plaintiff, after a trial before the court, a jury being waived, in an action for personal injuries sustained in tripping upon a street car rail. Reversed.

*Hughes, McMicken, Dovell & Ramsey,* for appellant.

*Carkeek & Childe,* for respondent.

MOUNT, C. J.—Action for personal injuries. This cause was tried to the court below without a jury. A judgment for $500 was rendered in favor of respondent. from which this appeal is prosecuted.

The facts are not disputed, and are substantially as follows: Appellant maintains and operates an electric street railway between the business part of the city of Seattle and Green Lake, a suburb of said city. This line runs over Woodland Park avenue, in said city, which avenue lies north and south. Forty-first and Forty-second streets run east and west, and intersect Woodland Park avenue at right

[1]Reported in 79 Pac. 1101.

angles. North of Forty-first street, only the western half of Woodland Park avenue has ever been platted, or dedicated to the city or to the public, and no part of this avenue north of Forty-first street has ever been graded or improved.

On January 13, 1903, appellant maintained a double track railway along the said avenue, under and in pursuance of a franchise granted by the city. The tracks were constructed in the manner required by the franchise, and by the board of public works of said city. These tracks were so constructed that the ends of the ties on each side thereof were exposed, and above the surface of the ground and the dedicated portion of the street. The rails rested upon said ties, and extended wholly above the surrounding ground. The space between the rails of each track was partially filled to the level of the ties. Appellant maintained a plank platform on the west side of its western track, at the intersection of Forty-second street, for the convenience of passengers. Forty-second street, at its intersection with the avenue on the east side, was about fifty feet to the north of the intersection on the west side, thus making a turn in the street. At the point of this turn there was a plank crossing over said railway tracks. While the city had never graded or improved said Woodland Park avenue, the public have been accustomed to drive along the said avenue on the west side of appellant's tracks as far north as Forty-second street, where persons using the street cross the track by the planked crossing.

Respondent, for several months, had lived at a house on the east side of said avenue, and a little southeast of the platform above named, in plain view thereof, and was accustomed, during said time, to go back and forth on said street car line, to and from the business part of said city of Seattle, both by day and by night. On her return from the city, she sometimes proceeded directly across the track

from said platform, toward the house where she lived; at other times she proceeded north to the planked crossing, thence across the tracks to the east side thereof, and thence south to her house. The latter was about seventy-five or one hundred feet further, but was a safer way. To go directly from said platform to the house where respondent lived required respondent to cross both railway tracks diagonally, and rendered it necessary for her to step over the rails and the ends of the ties supporting them.

On the 13th of January, 1903, between nine and ten o'clock at night, respondent alighted from appellant's car on its platform, on the west side of its tracks at Forty-second street, and, as soon as the car had passed by, she proceeded diagonally across said street car tracks directly toward her house. The night was dark. Respondent had no light, and there was no light after the car had passed, except a light in the window of respondent's house. In crossing the said railway tracks, respondent tripped on the eastern rail on the eastern track and fell, striking her wrist, causing a Colles' fracture thereof. The lower court concluded, from the above facts, that the respondent was not guilty of contributory negligence.

We cannot concur in this view. The point where respondent attempted to cross the tracks was not a public crossing. No part of the street east of the platform toward respondent's house had ever been used as a street or public thoroughfare, except by the street car company for its own cars. The street was in its natural state, ungraded, unimproved, and unused. The respondent was familiar with all of the surroundings, and the condition of the tracks, and the danger of attempting to cross them at that place in the dark. She also knew that there was another way, but a trifle further, by which she could have avoided the obstruction. In endeavoring to cross these tracks at

that place in the dark, under these circumstances, she must be held to have been guilty of contributory negligence, under the rule adopted by this court in *Reynolds v. Northern Pac. R. Co.*, 22 Wash. 165, 60 Pac. 120, and *Anderson v. Northern Pac. R. Co.*, 19 Wash. 340, 53 Pac. 345.

The case of *Jordan v. Seattle*, 26 Wash. 61, 66 Pac. 114, apparently relied upon by respondent, was a case where the walk was a public way, used by persons desiring to travel it, both before and after the injury. We there held that the question of contributory negligence was a question for the jury, for the reason that knowledge of the defective condition of the walk did not *per se* establish negligence. We think that case is distinguishable from the present case, from the fact that the place where the respondent attempted to cross the railway track in this case was not a public way, and was not used as such, and that, therefore, when respondent attempted to cross the tracks in an unusual way in the dark, knowing the condition, she necessarily contributed to her own injuries.

The judgment of the lower court is therefore reversed, and the cause dismissed.

Dunbar, Fullerton, and Hadley, JJ., concur.

Rudkin, Root, and Crow, JJ., took no part.