### GREAT NORTHERN RY. CO. v. THOMPSON.

(Circuit Court of Appeals, Ninth Circuit. October 7, 1912.)

### No. 2,120.

**1. RAILROADS (§ 356\*)—PERSONS ON TRACK—LICENSE—REVOCATION—SUFFICIENCY.**

That a railway company posted "No Trespass" signs along a section of its track used by inhabitants in passing from the business portion to the residence district of a town did not absolve the company from its duty to use reasonable care in handling its trains, if it knew that persons still walked along the tracks, as had been their custom before the notices were posted.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1228–1234; Dec. Dig. § 356.\*]

**2. RAILROADS (§ 356\*)—USE OF TRACK BY PEDESTRIANS—LICENSE.**

License from a railway company to pedestrians to use the company's tracks cannot be implied, unless the use by the public has been definite, open, and continued for a considerable period of time.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1228–1234; Dec. Dig. § 356.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE—NATURE OF QUESTION.

Contributory negligence is a question of fact, to be passed upon by the jury, whenever the undisputed facts are such that different minds might reasonably come to different conclusions as to the reasonableness of the injured party's conduct.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

4. NEGLIGENCE (§ 71*)—CONTRIBUTORY NEGLIGENCE—ACTS CONSTITUTING.

Contributory negligence is not always established by showing that the plaintiff might have used a safe way, since whether a reasonably prudent person would have taken the safe way may depend upon the particular situation and the surrounding circumstances, etc.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 98; Dec. Dig. § 71.*]

5. RAILROADS (§ 400*)—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.

In an action against a railroad company for injury to a pedestrian, who was struck by a car while walking along a track, whether he was guilty of contributory negligence held, under the evidence, a jury question.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1365–1381; Dec. Dig. § 400.*]

In Error to the Circuit Court of the United States for the Western Divison of the Western District of Washington.

Action by T. C. Thompson against the Great Northern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error recovered a judgment against the plaintiff in error for damages for personal injuries received on October 16th in the town of Leavenworth, Wash. At the time of the accident Leavenworth had a population of 1,200 or 1,300. The town was divided into two sections; the business portion of the town being on the east side, and the residence portion being on the west side, the distance between being about a quarter of a mile. Between the two divisions of the town run the tracks of the terminal yard of the plaintiff in error. For a number of years it had been the notorious and constant custom of the residents of the town to pass between the east and the west sides by walking, both in the daytime and at night, along the main railway track, from 200 to 300 persons passing each day, to the knowledge of the railroad company, and without its objection. Some three or four months before the accident, a "No Trespass" sign was posted somewhere on the right of way, and thereafter, a month or six weeks before the accident, two or three other such notices were posted. Aside from posting the notices, the plaintiff in error took no steps to prevent the use of its track as it had been used before, and the use continued as before, notwithstanding the notices. The defendant in error, while walking between the rails of the main line track at about 10:45 o'clock at night, was struck down and injured by a caboose, which was coming from the direction towards which he was walking. He testified that the night was dark; that he took the usual course, walking on the beaten path between the rails of the main track; that, after proceeding a short distance, he was met by an engine drawing several cars; that he stepped off from the track to allow the engine and cars to pass; that after they passed he stepped back on the track, and was proceeding on his way, when he discovered close upon him the car which struck him, approaching at a speed of eight or nine miles an hour and carrying no lights; that said car, a single truck caboose, was being switched by means of a flying switch onto a side track near by.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

F. V. Brown and F. G. Dorety, both of Seattle, Wash., for plaintiff in error.

Bates, Peer & Peterson and Sullivan & Christian, all of Tacoma, Wash., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] Error is assigned to the refusal of the trial court to sustain the objection of the plaintiff in error to testimony offered to show the common use of the tracks by pedestrians at and before the time of the accident. It is contended that, whatever may have been the implied license to pedestrians to walk on the main track prior thereto, the license had been revoked some two or three months before the accident by the posting of "No Trespass" signs. The theory of the plaintiff in error seems to be that by posting such notices the plaintiff in error was absolved from all duty to observe reasonable care in the handling of its trains, notwithstanding that it knew that the inhabitants of the town still walked along the tracks, as had been their custom before the notices were posted. That contention cannot be sustained. The record does not show us what was the language of the notices. We may assume that it was a notice forbidding trespass on the right of way. The evidence is that such notices were disregarded by the public, and that no effort whatever was made by the plaintiff in error to enforce the prohibition against trespass, and that no warnings of any kind, other than the notices, were ever given. By simply posting such a notice, which it knows is disregarded, a railroad company cannot wholly shift its responsibility. It is still obliged to move its trains with reasonable regard to the personal safety of those whom its officers know are likely to be found on its tracks. In Ft. Worth & D. C. R. Co. v. Longino, 54 Tex. Civ. App. 87, 118 S. W. 198, the court said:

"We take it to be well settled that railroad companies are charged with the duty of exercising ordinary care to discover the presence of persons on their tracks, and to avoid injuring them at those places where, under all the circumstances, they are reasonably chargeable with knowledge that such persons are liable to be; and in our judgment it can make no difference so far as the duty of the railroad is concerned, whether such persons are technically to be classed as trespassers, licensees, or persons using the company's tracks as of right. In all such cases the duty is imposed because of the broad rule of humanity that one engaged in so dangerous a business is required to exercise ordinary care to avoid injuring another, when the presence of and danger to such other person is reasonably to be anticipated."

In Conley v. Cincinnati, N. O. & T. P. Co., 89 Ky. 402, 12 S. W. 764, it was held that the detaching of part of the train and allowing it to run into the town unattended on a dark night, with no lights in front and no signal, was such a departure from the defendant's duty to the public as to entitle the plaintiff to recover, though his intestate was a technical trespasser. Said the court:

"By being technically a trespasser he does not forfeit all right to protection. * * * Why is he not ordinarily required to look out for trespassers in running his train? It is not because the trespasser has forfeited his right

to protection, but it is because he has the right to presume that he will not trespass upon the track."

In Murrell v. Missouri Pac. R. Co., 105 Mo. App. 88, 79 S. W. 505, the evidence was that for many years people had used the right of way and the tracks as a passway, and that this was with the consent of the company; for while a sign was shown to have been put up, warning people away, it was never obeyed, and the defendant knew that for many years it had been altogether ignored. The court said:

"It follows that plaintiff was not a trespasser when walking along the track on the right of way. Morgan v. Railway Co., 159 Mo. 262, 60 S. W. 195. It was the duty of defendant's servants in charge of the engines to keep a lookout for persons on the track, and this liability is not limited to want of care after discovery of the danger."

In International & G. N. R. Co. v. Brooks (Tex.) 54 S. W. 1056, it was held that where a street which crossed a railroad track and ascended a bluff was used by pedestrians as a highway for many years, and the railroad company maintained steps where the street ascended the bluff, and the track was used as a thoroughfare at all hours, one who passed along the track to ascend the steps is not a trespasser, although the company had put up signs forbidding all persons except employés to go upon the tracks.

[2] The trial court did not err, therefore, in refusing the instruction requested by the plaintiff in error on the subject of the notice, the substance of which was that the plaintiff had no right to disregard such signs and go upon the right of way in spite of them, that if he did so he was a trespasser, and could not recover, unless he was wantonly or recklessly injured, and that this would be true, even if the public had been accustomed to use the right of way as a footpath for several years past, "as the placing of signs should be considered to revoke any permission that might previously have been given." The instructions so requested ignored the facts in the case, among which was the continued use of the property without objection or interference on the part of the plaintiff in error, and that the posted notices were habitually disregarded to such an extent as to raise a presumption of acquiescence. In this connection the court properly charged on the subject of license, and said:

"Such a license cannot be implied, unless the use by the public has been definite, long, open, and has continued for a considerable period of time. * * * In other words, you must find that the use has continued for a considerable period of time by a considerable number of persons and has been acquiesced in by the defendant company."

The case of Anderson v. Northern Pac. Ry. Co., 19 Wash. 340, 53 Pac. 345, cited by plaintiff in error, is not in point. In that case the railroad company had used a certain tract of land in a town as a yard and site for railroad shops. The shops were destroyed by fire, leaving exposed a pit, into which the plaintiff fell on a dark and stormy night. The evidence was that, immediately after the fire, the railroad company posted notices warning tres-

passers off the premises, and that it gave personal warning to the plaintiff. Under those circumstances the court properly held that the notice was effectual to rebut the presumption of a license.

[3-5] The question of contributory negligence is a question of fact, to be passed upon by the jury whenever the undisputed facts are such that different minds might reasonably come to different conclusions as to the reasonableness and care of the injured party's conduct. If the evidence is such as to leave the mind in a state of doubt on the subject, the case should not be withdrawn from the jury. These principles are so well established as to require the citation of no authority. It may be added that the question whether or not the person injured is guilty of contributory negligence may often depend upon a variety of considerations. The question is not always answerable by pointing to the fact that the injured party might have used a safe way. Whether a reasonably prudent person would have taken the safe way may depend upon the situation and the circumstances, the accessibility and the proximity of the safe way, the difficulties and obstructions to the use of the safe way, the extent of the public travel on the chosen way, the frequency of the passage of trains over it, and alertness in looking out for passing trains. There was evidence tending to show that there was not a perfectly safe and equally convenient path at the side of the track; that, while there was a pathway between the track and the ravine, it was a very rough pathway, made of loose cinders, which were being dumped on it at that time; and that at places the width of the path between the track and the gulch was very narrow, and that at one place it was obstructed by a pile of timbers. There was also at one side a wagon road, but it went down into the gulch to a distance of 100 yards from the railroad, and then ascended a steep hill to the town, and it was not used by foot passengers.

In Thompson v. Northern Pac. R. Co., 93 Fed. 384, 35 C. C. A. 357, we said:

"It was equally the duty of the plaintiff in error to keep his eyes open and a careful watch in both directions. Manifestly he could not look in opposite directions constantly. Whether or not he exercised the degree of care required of him by the law ought, we think, to have been left to the jury under appropriate instructions in respect to contributory negligence."

In Northern Pac. R. Co. v. Baxter, 187 Fed. 787, 109 C. C. A. 635, a case in which a flying switch was made, and a box car was allowed to run on the downgrade unattended and without a lookout, and without signal or warning, whereby the plaintiff was hurt, the latter having testified that he had looked back twice to ascertain if the engine was approaching, and that he had seen it previously beyond the switch, and supposed there was no danger, we held that the evidence required the submission to the jury of the question of his contributory negligence. In view of all the evidence in the present case, we find no error in the refusal of the trial court to take the case from the jury on the ground of the contributory negligence of the defendant in error.

The judgment is affirmed.