# WILHELM v. MISSOURI, O. & G. RY. COMPANY.

### No. 5360.   Opinion Filed November 9, 1915.

### (152 Pac. 1088.)

1. **RAILROADS—Injuries to Persons on Tracks—Licensees.** When it is shown that a footpath across and along a railroad track has been habitually used by the public for a number of years without objection, it is a question of fact for the jury to determine whether the railroad company has not acquiesced in such use.

2. **SAME—Duty of Care.** The rule as stated in **A., T. & S. F. Ry. Co. v. Cogswell,** 23 Okla. 181, 99 Pac. 923, 20 L. R. A. (N. S.) 837, to the effect that a railroad company is liable only for willful and wanton injuries which may be inflicted upon a licensee. is not followed. But it is **held** that, regardless of the fact that the person injured was a bare licensee upon the track of the railroad company, the company is bound to exercise that degree of care and watchfulness to protect human life that is commensurate with the probability that persons may be upon its track at any given point. And whether or not that has been done, under proper instructions, is a question for the jury.

3. **SAME—Negligence.** Where a railroad company makes a flying switch, in a vicinity where the employees know or should know there are likely to be human beings upon the track, with no brakeman on the cars to control them or to keep a lookout for pedestrians, **held,** that such conduct is gross negligence.

(Syllabus by Brett, C.)

*Error from District Court, Bryan County;*
*Jesse M. Hatchett, Judge.*

Action by Mrs. E. J. Wilhelm against the Missouri, Oklahoma & Gulf Railway Company. There was a judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Wolfe, Wood & Haven* and *Utterback, Hayes & Mac-Donald,* for plaintiff in error.

*E. R. Jones* and *J. C. Wilhoit* (*Arthur Miller,* of counsel), for defendant in error.

Opinion by BRETT, C.   The material facts in this case are that on November 18, 1911, in the town of Kenefick, Okla., S. T. Wilhelm was run over by cars on the tracks of the defendant in error, the Missouri, Oklahoma & Gulf Railway Company, and killed. The evidence shows that the deceased was walking along a side track, which ever since the railroad was built, has been used by persons living in a certain vicinity as a near cut in going from the east to the west part of Kenefick and returning; that the town was built principally on the west side of the track, and that these persons had thus used this track until, in the language of one witness, it was "all beat out there where they walked along, first one and another, alongside the track, and on the track and everywhere"; that the deceased at the time of the accident was going toward the south, and immediately prior to the accident an engine pulling certain cars had gone north on the main line, and on reaching the north end of the side track, upon which the deceased was walking, made what the witnesses describe as a "kick switch," kicking seven cars, with no brakeman upon them, onto this side track, where deceased was walking, which said cars ran over the deceased and cut his body in two.

At the close of the evidence the defendant in error, as defendant below, demurred to the evidence, which was by the court sustained; and from this order the plaintiff in error, plaintiff below, appeals.   We think this ruling of the trial court was clearly error.

The case narrows itself down to two controlling questions:   First, was the deceased a trespasser or a licensee? and second, did the railroad company, under all the circumstances, discharge its duty to the deceased, or was it guilty of negligence?   The plaintiff in error insists that

the deceased was a licensee. The defendant in error insists that he was a trespasser pure and simple. And under the state of facts shown by the evidence in this case it was the duty of the court to have submitted to the jury the usage of the public in regard to this pathway, and to have left them, under proper instructions, to determine whether or not, under all the facts and circumstances, the deceased was a licensee, with the permission of the railway company, express or implied, to use this track as a pathway, or was a mere trespasser.

In *Northern Pacific Railway Co.* v. *Baxter,* 187 Fed. 787, 109 C. C. A. 635, the court says:

"The vicinity was so much used by the public, persons walking and passing across, upon, and along the tracks, that a duty was imposed upon the railway company to exercise reasonable care and precaution to protect them against injury; or, at least, it was properly left to the jury to determine what was the usage of the public in that regard, and consequently to determine whether the plaintiff was a licensee, with permission of the railway company to use the track as a pathway."

In *Shaw* v. *Georgia Railroad,* 127 Ga. 8, 55 S. E. 960, the syllabus in part is:

"Under the facts in this case, it should have been submitted to the jury to say whether that part of the railroad track which was the *locus* of the homicide was so frequently used by the public as a pathway, with the knowledge of the railroad company, as to require the servants of the defendant engaged in the operation of trains thereon to anticipate the presence of pedestrians."

In *Taylor et al.* v. *Delaware & Hudson Canal Company,* 113 Pa. 162, 8 Atl. 43, 57 Am. Rep. 446, the syllabus lays down the doctrine that:

"When it is shown that a footpath across a railroad track has been habitually used by the public for many years without objection, it is a question of fact for the jury to determine whether the railroad company has not acquiesced in such use."

Besides, it is a general rule of law that, where the facts are such, whether disputed or undisputed, that different minds may honestly draw different conclusions from them, the case is one that should go to a jury. There was undisputed evidence in this case that this track had been used for a number of years by the public as a pathway without objection, and it was a question of fact for the jury to determine under all the evidence whether or not the railroad company had acquiesced in such use.

But the defendant in error contends that in any event the deceased could not have been more than a licensee, and that the railroad company owed no duty to a licensee, except to avoid willfully and wantonly injuring him, and insists that this contention is sustained by the decisions of this court. But we take issue with this statement. The cases relied upon by defendant in error as supporting this contention are *Rogers v. Chicago, R. I. & P. Ry. Co.*, 32 Okla. 109, 120 Pac. 1093, and *A., T. & S. F. Ry. Co. v. Cogswell*, 23 Okla. 181, 99 Pac. 923, 20 L. R. A. (N. S.) 837. But *Rogers v. C., R. I. & P. Ry. Co.*, is not based upon facts at all similar to those in the case at bar, and is not decisive of the question as to the duties of a railroad company to a licensee; but in the body of the opinion it is specifically stated that:

"There is no proof in the case that would tend toward establishing an inference that the railroad company or its employees might reasonably expect persons on its

track at the place and time of the alleged injury. The proof in this case is insufficient, as a matter of law, to even give to the plaintiff the status of a licensee, even if that would avail him. The fact that a number of the employees of a compress, when they went to town, during a period of six or seven weeks, sometimes walked up the tracks, with no showing of even knowledge, much less permission, on the part of the railroad, the travel being ne'ther continuous, often, nor of long stand ng, no physical marks, such as a well-known and beaten path being shown, or other circumstances that might impute or raise an inference of knowledge and permission on the part of the railroad, does not amount to a license by it to use its tracks by pedestrians."

The learned judge here specifically finds that the evidence does not even raise an inference that would give the plaintiff the status of a licensee. Then how could it be contended that the question of the duty of a railroad company to a licensee was decided in that opinion?

In *Atchison, T. & S. F. Ry. Co. v. Cogswell,* the court was passing upon the right of the defendant in error, Cogswell, to recover for an injury sustained by falling into a hole in the platform of a depot, and specifically found that he was rightfully on business at the depot, and was neither a licensee nor a trespasser, and therefore could not have decided in that case the duties of a railroad company toward a licensee. But that part of the opinion relied upon by the defendant in error as sustaining its contention is the following:

"A person who does not go upon the premises of a railway company as passenger, servant, trespasser, or as one standing in any contractual relation to the corporation, but who is permitted by the company to come upon

its premises for his own interest, convenience, or benefit, is upon the premises of such railway company as a licensee, and the railway company is liable only for willful or wanton injuries which may be done to such licensee by the gross negligence of its agents or employees."

But, as above stated, an examination of the above opinion reveals the fact that that statement is foreign to the facts in that case, and to the issue before the court, and is in no way necessary to, and does not in any way influence, the conclusion reached in the opinion. And we think it is not the rule of law that should be applied to the facts in the case at bar.

The question of the duty of a railroad company to a licensee comes up squarely for decision in this court for the first time in the case at bar; and we think the sound and wholesome rule of law, humane and conservative of human life, is that, even though the person killed or injured is a bare licensee upon the track of the railroad company, the company is bound to exercise that degree of care and watchfulness to protect against injuring him that is commensurate with the probability that persons may be upon its track at that point. 2 Thompson on Negligence, section 1726.

In *Swift v. Staten Island R. T. R. Co.,* 123 N. Y. 645, 25 N. E. 378, the court says:

"The legal principles applicable to the facts appearing here have been frequently enunciated by this court to the effect that, where the public have, for a long time, notoriously and constantly, been in the habit of crossing a railroad at a point not in a traveled public highway, with the acquiescence of the railroad company, such acquiescence amounts to a license, and imposes a duty upon the company, as to all persons so crossing, to exer-

cise reasonable care in the running of its trains so as to protect them from injury."

In *Great Northern Ry. Co. v. Thompson*, 199 Fed. 395, 118 C. C. A. 79, 47 L. R. A. (N. S.) 506, the court, in speaking of the duty of a railroad company under conditions similar to those in the case at bar, says:

"It is still obliged to move its trains with reasonable regard to the personal safety of those whom its officers know are likely to be found on its tracks. In *Ft. Worth & D. C. R. Co. v. Lonigino*, 54 Tex. Civ. App. 87, 118 S. W. 198, the court said: 'We take it to be well settled that railroad companies are charged with the duty of exercising ordinary care to discover the presence of persons on their tracks, and to avoid injuring them at those places where, under all the circumstances, they are reasonably chargeable with knowledge that such persons are liable to be; and, in our judgment, it can make no difference, so far as the duty of the railroad is concerned, whether such persons are technically to be classed as trespassers, licensees, or persons using the company's tracks as of right. In all such cases the duty is imposed because of the broad rule of humanity that one engaged in so dangerous a business is required to exercise ordinary care to avoid injuring another, when the presence of and danger to such other person is reasonably to be anticipated.'

"In *Murrell v. Missouri Pac. R. Co.*, 105 Mo. App. 88, 79 S. W. 505, the evidence was that for many years people had used the right of way and the tracks as a passway, and that this was with the consent of the company; for, while a sign was shown to have been put up warning people away, it was never obeyed, and the defendant knew that for many years it had been altogether ignored. The court said: 'It follows that plaintiff was not a trespasser when walking along the track on the right of way. *Morgan v. Railway Co.*, 159 Mo. 262, 60 S. W. 195. It was the duty of defendant's serv-

ants in charge of the engines to keep a lookout for persons on the track, and this liability is not limited to want of care after discovery of the danger.'"

The Supreme Court of the State of Washington, in *Roth v. Union Depot Co.*, 13 Wash. 525, 43 Pac. 641, 44 Pac. 253, 31 L. R. A. 855, a case very much in point, says:

"The rule as laid down by many writers is that such a duty is imposed upon a railroad company in operating its trains as would be imposed upon an honest man in the transaction of his business. It seems to us that no honest or humane person would be guilty of transacting his business in the reckless manner in which the appellant in this case transacted his. Duties are relative, and that which would not be a duty under certain conditions would become a most imperative duty under others. The people of modern times hold life and limb in too high regard to allow them to be weighed in the scale with mere convenience or selfish property interests. This is the sentiment of humanity, and a sentiment which ought to be reflected by the decisions of the courts. This appellant, to save the expense of an employee for a few minutes, hurled not only one, but two blind cars down this right of way, regardless of the fact, which it must have known, under the circumstances as shown by the testimony, that they were liable to cause the death or permanent injury of some one; and we think that this fact alone establishes gross and willful negligence."

In the case at bar the defendant not only hurled two, but seven, blind cars down this right of way, regardless of the fact that, under the circumstances as shown by the testimony, they were liable to cause the death or permanent injury of some one; and to hold under this undisputed evidence that that was not gross negligence was unmistakably error. Any number of courts

might be cited and quoted that adhere firmly to the doctrine we have announced. *Palmer v. Chicago, St. L. & Pittsburgh R. R. Co.*, 112 Ind. 250, 14 N. E. 70; *Louisville, New Albany & Chicago Ry. Co. v. Phillips*, 112 Ind. 59, 13 N. E. 132, 2 Am. St. Rep. 155; *Williams v. Southern Railway Co.*, 11 Ga. App. 305, 75 S. E. 575; *Troy v. Railroad*, 99 N. C. 299, 6 S. E. 77, 6 Am. St. Rep. 521; *Western & Atlantic R. R. v. Meigs*, 74 Ga. 857; *Mary Byrne et al. v. N. Y. C. & Hudson R. R. Co.*, 104 N. Y. 362, 10 N. E. 539, 58 Am. Rep. 512; *Swift v. Staten Island Rapid Transit R. R. Co.*, 123 N. Y. 645, 25 N. E. 378; *Barry's Adm'r v. N. Y. C. & Hudson River R. R. Co.*, 92 N. Y. 289, 44 Am. Rep. 377; *Harriman v. Railway Co.*, 45 Ohio St. 11, 12 N. E. 451, 4 Am. St. Rep. 507; *Baltimore & Potomac R. R. D. v. Cumberland*, 176 U. S. 232, 20 Sup. Ct. 380, 44 L. Ed. 447; *Railroad Co. v. Stout*, 17 Wall. 657, 21 L. Ed. 745; *Union Pac. Ry. Co. v. McDonald*, 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434; *Conley's Adm'r v. Cincinnati, New Orleans & Texas Pacific Co.*, 89 Ky. 402, 12 S. W. 764; *Murrell v. Mo. Pac. Ry Co.*, 105 Mo. App. 88, 79 S. W. 505; *Morgan v. Wabash R. R. Co.*, 159 Mo. 262, 60 S. W. 195; *B. & O. Ry. Co. v. State of Maryland et al.*, 36 Md. 366; *Hicks v. Pacific Ry. Co.*, 64 Mo. 430; *Isabel v. N. Y. & N. H. R. R. Co.*, 27 Conn. 392, 71 Am. Dec. 78; *Davis v. Chicago & Northwestern Ry. Co.*, 58 Wis. 646, 17 N. W. 406, 46 Am. Rep. 667.

It is true many courts have announced a more narrow and technical doctrine; but the ends of justice demand that human life and human limb have at least equal protection with property interests.

We, therefore, recommend that the judgment be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.