WILLOUGHBY v. THE CHICAGO & NORTH-WESTERN R. R. Co.

1. **Railroad**: LIABILITY FOR INJURIES : NEGLIGENCE. In an action against a railroad company to recover for injuries received by plaintiff while attempting to cross the track, the plaintiff in order to recover must show not only the negligence of the defendant, the injury, and that plaintiff was without fault, but that the injury was *caused* by defendant's negligence.

2. —— DEGREE OF CARE. A railroad company is only held to the exercise of reasonable and ordinary care to prevent injuries to persons crossing its track on a public highway. Only a like degree of care to avoid injury is required of persons about to cross the track. Neither are bound to exercise *extraordinary* care.

*Appeal from Marshall Circuit Court.*

FRIDAY, OCTOBER 24.

THE plaintiff brings this action to recover damages for injuries to himself, his horses and wagon, by a train of freight cars negligently run on the defendant's railroad while the plaintiff was crossing the same on the public highway.

Jury trial. Verdict and judgment for plaintiff. Defendant appeals.

The further facts are stated in the opinion.

*Baily & Hubbard* for the appellant.

*Brown, Willis & Williams* for the appellee.

MILLER, J.— I. The first error complained of is that the court erred in not ruling, on defendant's motion, "that the verdict was contrary to the evidence." We have carefully examined the evidence, and find that the verdict cannot be disturbed on this ground. Whatever we may think as to the preponderence of the evidence, and without reference to the verdict *we* would be inclined to find thereon, were we called to pass thereon in the first instance, it is sufficient to say that the evidence is conflicting; on the part of the plaintiff supporting the verdict, on the part of defendant directly the opposite. The jury have passed upon this conflict, and we cannot say that their verdict is unsupported by the evidence.

II. Appellant complains of the following instruction given by the court: It was the duty of the defendant to have used all reasonable care and prudence to prevent the injury, such as the usual signals of approach, or giving such warning as would put a reasonably prudent man upon his guard, and notify

him of approaching danger. If the defendant's employees in charge or control of the train did not do so, and the plaintiff was without fault and received the injury, the defendant is liable."

This instruction was erroneous and calculated to prejudice the defendant, in this, that it entirely omits a fact indispensable to the defendant's liability and that is that the injury to the plaintiff was the result of the omission of the precautions stated, for although the defendant may have omitted to give the signals and the plaintiff may have been injured, yet unless the injury resulted from such omissions the defendant is not liable.

III. The appellant assigns as error the refusal of the court to give the following instructions : "If you find from the evidence that plaintiff did not look as he approached the track, when the accident occurred, both ways, to see if trains were in motion, and that the train was in motion before he came upon the track, and that if he could have seen by looking that the train was in motion, and could have avoided the accident, then he was negligent, and you will find for the defendant."

Without entering upon a discussion of the question involved in this instruction, respecting the duty of a person about to cross a railroad track, to look out for the approach of trains before attempting to cross, we are clear that there was no error in its refusal, because it required too high a degree of care on the part of plaintiff to avoid the accident.

The instruction required that if the plaintiff could see that "the train was in motion, *and could have avoided the accident*, then he was negligent." If he could have avoided the accident, *by the exercise of ordinary and reasonable care*, and did not, then he was negligent; but he would not be negligent if, to avoid the accident, required of him the exercise of extraordinary care. The instruction held him negligent if, after he saw that the train was not in motion, he "could have avoided the accident." This might require more than ordinary care on his part. Ordinary care only was required of him.

IV. The court, on its own motion, gave the following instruction, of which appellant complains :

" If the defendant's employees, after discovering the danger of plaintiff, could, by the use of extraordinary care and prudence, have prevented the injury and neglected to do so, and the plaintiff was injured, without his contributing to such injury, you will find for the plaintiff."

This instruction is most clearly erroneous.

The defendant is held only to the exercise of reasonable and ordinary care, to prevent or avoid injuries to persons crossing its track on the public highway. This rule is elementary and uniform. We know of no case holding the doctrine of the instruction. It may be, and doubtless is, true, that under circumstances of imminent peril, more prompt efforts should be put forth to avoid a threatened injury, than are required under circumstances where the danger is less imminent, but this is only the exercise of ordinary and reasonable diligence. The care and diligence required is such as ordinarily prudent men usually exercise under like circumstances. What men of this character usually do under similar circumstances is a question of fact for the jury ; so also is it a question of fact for the jury, whether the defendant, by its employees, has exercised such care and diligence in the case under investigation.

The court should not invade this domain of the jury, but content itself with stating rules of law only. See *Marquette* v. *The Chicago & N. W. R'y Co.*, 33 Iowa, 561, 567. The same error is committed in the next instruction given by the court, as follows : " If the plaintiff, after discovering the approaching train, could have avoided the accident by the use of extraordinary care and prudence, and did not do so, he cannot recover." The law demanded at his hands the exercise of ordinary care and prudence only. This instruction, however, worked no prejudice to the plaintiff. We notice it in this connection only, to point out the error therein, but not as ground of reversal. It cannot, however, serve as an antidote for the error in and prejudice wrought by the one preceding it, as counsel for appellee insist it should. The giving of an

erroneous instruction to the prejudice of the losing party, is not cured by the giving of another, containing an error against the successful party.

We find no further errors in the record. For those above noticed the judgment will be

Reversed.