[No. 13393.   Department One. — February 25, 1890.]

In re IVORY L. BOWMAN, an Insolvent Debtor.

Insolvency — Exemption of Property — Opposition to Discharge — Pleading — Finding. — The point that an insolvent debtor falsely claimed that he was a teamster, and thereby secured property as exempt from execution to which he was not entitled, cannot be urged by the creditors opposing his discharge, if, in the opposition to the discharge, he is admitted to have been a teamster. A finding of the court upon such point is not necessary, it not being within the issues.

Id. — Sale of Property Allowed as Exempt — Posts Claimed as Firewood. — When the assignee leaves posts in possession of an insolvent debtor, which the latter claimed in good faith as exempt from execution as being fire-wood actually provided for family use, the sale of such posts by the insolvent for a small sum, without fraudulent intent or concealment, and without turning over the proceeds to the assignee, is not ground for reversal of an order granting a discharge to the insolvent.

Id. — Teamster's Exemption — Wagon-sheet — Horse-lines. — The insolvent, being a teamster, is entitled to claim a wagon-sheet and six-horse lines as property exempt, if the evidence shows that the six-horse lines are useful and convenient with two horses, and it does not appear that the debtor has other lines or another wagon-sheet.

Appeal from a judgment of the Superior Court of Nevada County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. P. Sowden,* and *G. D. Buckley,* for Appellants. itors.

*P. F. Simonds,* for Respondent.

PATERSON, J.— This is an appeal by certain creditors of the insolvent debtor, Bowman, from a judgment granting him a discharge in insolvency, and from an order denying their motion for a new trial of the issues raised by their opposition to his petition for a discharge.

The first point made by appellants is, that the petitioner falsely claimed that he was a teamster, and thereby secured property to which he was not entitled, he being at the time the petition was filed a blacksmith. The petition alleged that petitioner had, "since the first day of January, 1885, been engaged in the business of teaming," and the opposition filed by the creditors admitted that he was a teamster. At the trial, counsel for the creditors proposed to amend the opposition so as to aver that Bowman was a blacksmith, and counsel for insolvent stated he had no objections to such an amendment; but no such amendment was made. It is unnecessary, therefore, to review the evidence bearing upon the question whether Bowman was a teamster or a blacksmith. A finding of the court was unnecessary, because not within the issues.

It is claimed, also, that Bowman fraudulently claimed certain property as exempt which was not exempt; that he did not include in his schedule 141 posts, one wagon-sheet, and a pair of six-horse lines. The court found that the posts referred to were a part of his fire-wood, actually provided for his family use, and that the assignee never claimed them as part of the assets. The evidence shows that they had been put in his wood-shed "as a part of his fire-wood actually provided for family use prior to his contemplating becoming insolvent; that the sheriff,

upon taking possession of insolvent's property, allowed him to keep said wagon-sheet and six-horse lines and fire-wood as property exempt from execution. All of said property was included in his petition, schedule, and inventory as property exempt from execution." After he filed his petition Bowman sold the posts for $9.87. It is not shown whether he turned the proceeds over to the assignee; but assuming that he did not, the property having been claimed in good faith as exempt, there being no fraudulent intent or concealment, and the value of the property being small, the order should not be reversed. (*Smith* v. *His Creditors*, 59 Cal. 268.)

The insolvent, being a teamster, was entitled to the wagon-sheet and lines as property exempt. The evidence showed that the "six-horse lines were useful and convenient to use with two horses," and there is nothing to show that Bowman had other lines or another wagon-sheet..

The findings of the court on every issue were in favor of the petitioner, and it is sufficient to say, without reviewing the evidence in detail, that they are all supported by material and competent evidence.

Judgment and order affirmed.

Fox, J., and WORKS, J., concurred.