MARGARET CARPENTER, Administratrix, etc., Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAIL-
WAY COMPANY, Appellee.

**Railroads:** NEGLIGENCE: EVIDENCE. In an action for the death of a
1  railroad contractor, evidence of conversations between a train dispatcher and a telegraph operator with reference to requiring

trains to slow down as they approached the work, was inadmissible on the question of the company's negligence, it appearing that the dispatcher was connected with another division of the road and there being no showing of authority or that anyone in authority had knowledge of the work.

**Negligence:** WARNING: PROXIMATE CAUSE. Where one was fully advised and knew of the impending danger from an approaching train, and death resulted from his failure to avoid the accident, negligence of the company could not be predicated on the failure of the engine men to ring the bell or sound the whistle, it appearing that the duty to so warn the deceased did not arise until after he knew of the danger; such failure was not the proximate cause of the injury.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

WEDNESDAY, DECEMBER 14, 1904.

ACTION by plaintiff, as administratrix of the estate of L. C. Carpenter, deceased, to recover damages for personal injury to her intestate, resulting in his death. The material facts respecting the accident are not involved in controversy. It appears that Carpenter and one Sisley were engaged in filling with earth the west end of a bridge near the station of De Soto, on the line of the defendant's railway. The earth for the purpose was being obtained from the right of way adjacent to such bridge. The method of procedure was by plowing up the earth, using a span of horses and a common plow therefor, and by then taking up and transporting the earth by means of wheeled scrapers. Carpenter was struck by a passenger train approaching from the west, and instantly killed. The circumstances of the accident are detailed by Sisley — he being the only witness testifying thereto — as follows: Carpenter started to do some plowing, and, when about two hundred feet west of the bridge, he undertook to cross the railway track from north to south with his team and plow. He had a boy driving the team, and he (Carpenter) was holding the plow. In some way

the point of the plow ran under the north rail, between the ties; and the team — a span of vicious horses — kept on pulling until the rail became wedged in between the point and the beam of the plow. The witness says that the train from the west was due, and they were expecting it; that from where he stood down at the bridge he heard it coming, and, looking up, saw it come around a curve in the track between six hundred and seven hundred feet west of where Carpenter, the boy, and the team were; that he called to Carpenter to look out for the train, whereupon the boy threw the lines to Carpenter, and ran away; that Carpenter seized the lines and tried to pull the horses off the track, and, failing in this, he ran around to the heads of the horses, and began beating them back off the track, and succeeded in doing so, but failed on his own part to get off the track and save himself. On motion, at the close of the evidence for plaintiff, there was a directed verdict in favor of defendant, and judgment against plaintiff for costs. Plaintiff appeals.— *Affirmed*.

*McLennan & Brennan,* for appellant.

*Carroll Wright* and *J. I. Dille,* for appellee.

BISHOP, J.— One ground of the motion to direct a verdict was that there was no proof of any negligence on the part of defendant which was the proximate cause of the accident and injury. The acts of negligence as charged in the petition may be summarized thus: First, that the train in question was being run at a speed of more than sixty miles an hour, whereas the defendant, through its officers and agents, had promised and agreed to slow down all trains as they approached the bridge; second, that no warning by whistle or bell of the coming of the train was given to employes working at said bridge; third, that at a point about three hundred feet west of the bridge a whistle warning should have been

given for a highway crossing the track about three hundred feet east of the bridge, and none such was given.

I. In respect of the ground of negligence first stated, it will be sufficient to say that the evidence wholly fails to show that a promise or agreement had been made as alleged.

1. NEGLIGENCE: evidence. Plaintiff attempted to prove by Sisley conversations upon the subject between himself and Carpenter, on the one hand, and one Gibney, a train dispatcher in Des Moines, and also the telegraph operator at De Soto, on the other hand. This evidence was ruled out, and properly so. Gibney was connected with another division of the plaintiff's road. Moreover, no preliminary proof was made to the effect that a train dispatcher or a station telegraph operator had any authority in the premises. Even if this were not so, there is no evidence in the record tending to prove that any one connected with the operation of the road, and in authority, had knowledge that work was being done at the time at the bridge in question. And the work being done was not such as to interrupt or interfere with the ordinary operation of trains over the road.

II. The other matters of negligence alleged may be disposed of in brief. We need not stop to consider what might have been the effect of the situation had Carpenter

2. NEGLIGENCE: warning; proximate cause. been unconscious of the approach of the train. The fact is that he was advised of the danger about as soon as the enginemen could have discovered him. Now, manifestly, negligence cannot be predicated upon a failure of duty to warn when the person to be warned is fully alive to and presently advised of the impending danger, and this practically as soon as the warning could have been given. Nor can it be said that in such a case the failure of duty — conceding that the duty existed — was the proximate cause of the accident; and this, if for no other reason, because under the circumstances shown the accident would have occurred irrespective of any warning that might have been given. What we have said applies to the failure to

sound the whistle for the highway crossing, and with even more force, as it appears that in respect thereof the duty did not arise until the train was within about one hundred feet from the place occupied by Carpenter on the track.   In our view, the facts bring the case within the principle which governs in cases of accidents upon highway crossings.   If the traveler see or hear the train approaching, or is otherwise warned as thoroughly as he would have been had the whistle been sounded or the bell rung, he cannot bottom a charge of negligence on a failure to sound an alarm, as such cannot be said to be the proximate cause of the accident.   *Willoughby v. Railway*, 37 Iowa, 432; 2 Thompson on Negligence, section 1558.

The verdict was rightly directed, and the judgment is *affirmed.*