## POOL v. ST. LOUIS-S. F. RY. CO.

No. 21193. Opinion Filed July 27, 1932.

F. C. Helm and Pitchford & Pitchford, for plaintiff in error.

E. T. Miller, Cruce & Franklin, and G. W. Satterfield, for defendant in error.

CULLISON, J. Plaintiff, M. S. Pool, filed suit against defendant for damages and alleged in his petition that defendant railroad company had permitted persons to travel across the right of way of said company in the city of Heneryetta, Okla. That defendant negligently placed a locomotive on one of the tracks at Henryetta, Okla., and that as plaintiff passed said locomotive the steam from the steam chest of said locomotive was negligently blown upon the person of plaintiff, scalding and burning him upon his limbs, and as a result of said injuries plaintiff prays damages against defendant.

In plaintiff's second cause of action he alleges, in substance, that defendant was negligent in scalding and burning plaintiff by its agents or employees and that defendant should have anticipated the presence of plaintiff at the place where he was injured, and should have given a warning before allowing steam to escape from said engine.

Defendant answered by way of denial and pleaded certain special defenses.

The case came on for trial and at the conclusion of plaintiff's evidence, the court sustained defendant's demurrer to plaintiff's evidence.

The parties will be referred to as they appear in the trial court.

Plaintiff appeals to this court and urges as error that the court erred in sustaining the demurrer to plaintiff's evidence.

In our consideration of this case, it will be necessary to review the evidence and apply the same to the pleadings as heretofore described.

Plaintiff's evidence shows that plaintiff was a man more than 50 years of age. That defendant railroad company had placed a locomotive and some cars upon one of its tracks in Henryetta, Okla. Apparently the locomotive had been in use previous to the accident, because there was a small amount of steam in the steam chest.

Plaintiff entered upon defendant's premises and was near the locomotive when some four boys ranging in age from 15 to 20 years approached the locomotive and climbed into the cab on said engine. One of plaintiff's witnesses, who was one of the four boys in question, testified that the first time he saw plaintiff, plaintiff was standing on the steps of the locomotive and that the next time he saw plaintiff, which was shortly thereafter, plaintiff was around on the opposite side of said locomotive. It was when plaintiff had approached the opposite side of the locomotive that plaintiff received the burns complained of in this suit. The evidence further discloses that when the boys entered the cab of the locomotive, they began to work different valves on said locomotive, and that eventually the large valve on the engine was released, causing hot water and some steam

to escape therefrom in the direction of plaintiff, and resulted in burns to plaintiff.

There is no showing of any kind that any employee or agent of the defendant was anywhere near the locomotive or in any wise operated the locomotive and caused plaintiff's injury. In fact the boys who released the water and steam on plaintiff were either mere licensees or trespassers on defendant's property.

There was absolutely no evidence introduced to substantiate the allegations of plaintiff's second cause of action, that the steam was blown upon plaintiff by the agents or employees of defendant, so that we need consider the evidence as applied to the first cause of action pleaded in plaintiff's petition.

As we view this case, and giving to plaintiff all benefits that he is entitled to under the record, the best that can be said is that plaintiff at most was a bare, or mere, licensee, and defendant owed him no special duty except not to wantonly or willfully injure him, as held in the case of Midland Valley Railroad Co. v. Kellogg, 106 Okla. 237, 233 P. 716:

"In the case of a bare or mere licensee, being one whose presence on the premises is merely tolerated, the company, as in the case of a trespasser, owes no duty except not wantonly or willfully to injure such person after his perilous position is discovered."

This court also held in the case of Turner v. Durant Cotton Oil Co., 96 Okla. 31, 219 P. 892:

"We believe the rule supported by the great weight of authority and sustained by reason and common sense is: That the owner of premises has the right to place on them such buildings and improvements as is necesary to carry on any legitimate business in which such owner is entitled to engage, and he is under no duty to exercise care to make them safe for the use of others, even children, coming thereon without invitation, authority, or allurement. (Numerous authorities cited.)

Since the only duty that defendant owed to plaintiff was not to wantonly or willfully injure him. under the authorities just cited and the evidence as set out, plaintiff failed to prove his case in the trial court.

In plaintiff's brief, he argues that said cause of action could be substantiated upon the attractive nuisance doctrine. We observe that the attractive nuisance doctrine is applicable only in cases where the injured party is a child of tender years and is induced to come upon the premises because of the attractiveness of the instrumentality upon the premises and as a result of being upon the premises is injured.

But said doctrine has never been extended to cover cases where a mature person is injured, and we have no desire whatsoever to extend said doctrine in this case.

After carefully considering the evidence and the pleadings in said cause, we have arrived at the conclusion that plaintiff's evidence fell far short of establishing a good cause of action for damages against defendant, and that the judgment of the trial court in sustaining defendant's demurrer to plaintiff's evidence was proper.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, and KORNEGAY, JJ., concur. RILEY, ANDREWS, and McNEILL, JJ., absent.