## MISSOURI-K.-T. R. CO. v. SOWARDS.

No. 21699. Opinion Filed May 31, 1933.

As Corrected June 3, 1933.

Rehearing Denied Sept. 12, 1933.

Application for Leave to File Second Petition for Rehearing Denied Oct. 10, 1933.

M. D. Green. John E. M. Taylor, and Eric Haase, for plaintiff in error.

Reuben M. Roddie and J. O. Whiteside, for defendant in error.

WELCH, J. In the trial court suit was brought in behalf of George Sowards, a minor age 20 years, as plaintiff, against the Missouri-Kansas-Texas Railroad Company, as defendant, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The parties will be referred to as they appeared in the trial court.

At the time in question the defendant operated its railroad line through Wagoner county, Okla., and between the town of Hanes and a community a few miles away known as "Choska Bottoms." Between these points, but away from any station or station grounds or road crossing, plaintiff was walking along a pathway marked by the travel of former pedestrians, a few feet outside of the rails of defendant's line; he continued along the pathway when a freight train of about 21 cars of defendant approached at full speed and passed him going in the same direction. Plaintiff and a companion, a young man of near the same age, were on the right side of the track and train, plaintiff's companion being a few feet in front of plaintiff. The time was about 10 o'clock a. m. About half of the train had passed safely, when, according to the contention and testimony of plaintiff, something or some protruding piece of wood or metal, projecting out from the right side of one of the cars near the floor or brake of the car, struck plaintiff on the back of his left shoulder, hurling him against or under the train, resulting in serious injuries to his feet, requiring amputation of both. Plaintiff did not see this protruding piece of wood or metal prior to his injury, but after the train had passed and while lying on the track, plaintiff raised up, looked along the train, the track being straight, and saw it.

No better description of this protruding piece of wood or metal as to form or shape or size could be given by the plaintiff. In his testimony he gave it various lengths, stating at one time four and one-half feet long, at another time one and one-half feet and another time three feet, his final judgment while on the witness stand being that it was about three feet long. It did not strike plaintiff's companion, and it was not seen or observed by him, nor by any of defendant's employees, nor by any other person either before or after plaintiff's injury. This train was made up and started from Muskogee within an hour before the accident. There it was inspected three times before it departed. The evidence indicates these inspections were thorough and carefully made. About half way between Muskogee and the point of the accident, this train passed the station or switch "Wybark." There one of the brakemen threw the switch and stood on the right side of the train and near it, watching it as it passed him. A few minutes before reaching the point of the accident, but less than two miles away, the train passed

a section crew whose members, standing on each side of the train, checked and observed it in passing. The train was also observed, at least to some extent, by the trainmen as it proceeded on its way. After passing the point of plaintiff's injury one and a half miles, the train again passed another section crew whose members checked and observed the right side of the train in passing. A short time after plaintiff's injury, and at the station of Coweta, the train conductor stood on the right side of the train and near it until it passed him, when he caught the caboose. None of these men saw or observed any protruding piece of wood or metal or anything in any manner wrong with the train or any of the cars or anything loaded therein or thereon. The train passed cattle guards near the scene of plaintiff's injury, but no mark was found of any contact with any protruding piece of wood or metal from the train.

There was evidence offered by the defendant tending to show that the plaintiff was, or might have been, injured while trying to board the defendant's train for a ride, or that he carelessly walked too close to the train and was struck by it. There was evidence as to statements made by the plaintiff himself to this effect soon after the accident and before this suit was filed; however, this was denied by plaintiff. These contentions formed one of the defenses to the action, but the jury found the issues in plaintiff's favor, and for the purpose of this determination we assume the accident occurred as contended by the plaintiff, and as first above stated. There was no evidence of any positive or affirmative act of negligence on the part of defendant, nor any proof of any negligent act of omission, except the proof on the part of plaintiff and by his testimony that the piece of wood or metal above referred to was there, and was projecting outward from the right side of one of the cars, at or immediately after the time he was injured. Plaintiff's companion, being some little ways in front, did not see the accident nor was there any other eye witness.

Verdict and judgment in the trial court was for the plaintiff for $1,500.

On this appeal the defendant urges that the trial court erred in overruling defendant's demurrer to plaintiff's evidence, and erred in overruling defendant's motion to instruct a verdict in its favor, and erred in refusing defendant's request for a peremptory instruction in its favor, and urges that the

plaintiff at most was a bare licensee; that he was not on defendant's premises at its invitation, nor for the purpose of transacting any business thereon or any business with the defendant, but was there in his own business and for his personal pleasure, comfort, or convenience, so using the defendant's premises to proceed along his way.

This brings us to the consideration of the defendant's duty toward the plaintiff. To sustain the verdict and judgment, plaintiff in his brief cites Wilhelm v. Missouri, O. & G. Ry. Co., 52 Okla. 317, 152 P. 1088; Chicago, R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 P. 517, and Missouri, K. & T. R. Co. v. Wolf, 76 Okla. 195, 184 P. 765. with the suggestion that he rest his case on the opinion in Missouri, K. & T. R. Co. v. Wolf, supra.

In that case this court sustained the recovery of damages for the death of the pedestrian, Charles Wolf. While he was walking across the railway track at a point where said track crosses Eleventh street in the city of Bartlesville, he was struck and killed by the train. But in that case there was the positive act of negligence in operating the train at a dangerous rate of speed in excess of that allowed by law and the rules of the defendant at that point. And there was the negligent act of omission in failure to give warning by whistle or bell as was required by law for said Eleventh street crossing, and all in violation of the company's duty to operate its train slowly and carefully and with due warnings at this particular point where it was charged with the duty of knowing from long usage that persons might be upon the track.

In Wilhelm v. Missouri, O. & G. Ry. Co., supra, this court upheld the right of recovery for the death of a person run over and killed while walking along and across the railway tracks, along pathways customarily used by people passing between the east and west part of the town of Kenefick, but in that case the railway company made what witnesses described as a "kick switch," kicking or switching six or seven cars on to the side track where the deceased was walking, with no brakeman upon the cars. And in the body of the opinion the court used this language:

"The defendant * * * hurled * * * seven blind cars down this right of way, regardless of the fact that, under the circumstances as shown by the testimony, they were liable to cause the death or permanent injury of some one; and to hold under this undisput-ed evidence that that was not gross negligence was unmistakably error"

—clearly indicating that in that case there was an affirmative and positive act of gross negligence.

In Chicago, R. I. & P. Ry. Co. v. Austin, supra, this court upheld the right of a licensee to recover damages for personal injuries received while walking across the railway and switch tracks between Sixth and Seventh streets in the town of Anadarko, on his way to the depot to mail a letter on the train. That being a customary route of travel used by from 100 to 300 people each day, the most of whom went that way at or about the time passenger trains were due, and it was at such a time that the injured person was there and was injured. Two members of a switching crew saw Austin and knew of his presence, and threw loose cars on to the track where he was walking, which struck and injured him. And this court said in the eight syllabus paragraph:

"Where, with knowledge of plaintiff's presence upon its premises, defendant kicked four cars upon a switch across which plaintiff was about to pass, without any warning or signal notifying him of the approach of said train of cars, and regardless of the fact that such acts might result in plaintiff's death or serious injury, defendant was guilty of gross negligence."

So in that case there was the affirmative and positive act which was clearly gross negligence.

Clearly these authorities cannot sustain the verdict and judgment in favor of the plaintiff, Sowards, as he does not prove any affirmative or positive act of negligence on the part of the defendant in connection with the presence of the protruding piece of wood or metal which, according to his testimony, caused his injury.

In addition to the foregoing authorities, the plaintiff cites several cases from other states, wherein the right of recovery for injury to pedestrians was upheld. Such authorities are not binding on this court, but are persuasive only. Those cited are not persuasive in this case for the reason that a careful examination shows that in each of the cases cited, there was shown to exist some greater duty to the pedestrian than in the case at bar, or some positive act of negligence was shown, or some facts clearly shown which would without question require the inference of negligence. No such circumstance is evident in the case at bar.

In the recent case of Pool v. St. Louis-San Francisco Ry. Co., 158 Okla. 261, 13 P. (2d) 195, this court had under consideration the duties of the railway company to the pedestrian who was traveling across the railway track and right of way in the city of Henryetta, and was injured by steam blown upon him from a locomotive. In a thorough opinion by Mr. Justice Cullison, this court held him not entitled to recover, for lack of proof of negligent acts on the part of the railway company, and announced the following rules by syllabus paragraphs 1 and 2:

"Under the evidence in this case, plaintiff was at best a mere licensee.

" 'In the case of a bare or mere licensee, being one whose presence on the premises is merely tolerated, the company, as in the case of a trespasser, owes no duty except not wantonly or willfully to injure such person after his perilous position is discovered.' "

In the body of the opinion the court said:

"As we view this case, and giving to plaintiff all benefits that he is entitled to under the record, the best that can be said is that plaintiff at most was a bare, or mere, licensee, and defendant owed him no special duty except not to wantonly or willfully injure him, as held in the case of Midland Valley Railroad Co. v. Kellogg, 106 Okla. 237, 233 P. 716."

In the above cited case, that is, Midland Valley Railroad Co. v. Kellogg, this court also had under consideration the duties of a railway company toward a pedestrian on the right of way, being in that case a child who was upon the right of way and track in the town of Avant, upon or along a pedestrian's footpath, who was run over and killed. There the trial court's judgment for plaintiff was reversed in this court, for the reason that the evidence did not establish acts of negligence, and the court announced this rule by syllabus paragraph four:

"In the case of a bare or mere licensee, being one whose presence on the premises is merely tolerated, the company, as in the case of a trespasser, owes no duty except not wantonly or willfully to injure such person after his perilous position is discovered."

In Atchison, T. & S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P. (2d) 908, this court considered the duty of the railway company to a pedestrian, who in that case was an eight-year old child. It appears the child went upon or along the track on a pedestrian's pathway, and upon the approach of the train ran down the track in an effort to escape, but was overtaken and run

over and killed. The petition alleges negligence in that the defendant railway company operated its train at a high, dangerous, and excessive rate of speed, and in violation of slow orders applicable to that place which was near Ash street in the city in question, and negligence in failing to keep the train under reasonable control, and in failure to keep a reasonable and diligent lookout ahead. There was but scant proof, if any proof, of negligence aside from the proof of the child's death. In the body of the opinion the court, speaking through Mr. Justice Andrews, said:

"The evidence shows that neither the engineer nor the fireman saw the child until after it had been struck. From those facts we must conclude that the perilous position of the child was not discovered by either the engineer or the fireman in time to prevent the injury. There is no testimony in this record from which any other conclusion can be reached."

It was in evidence that the trainmen were keeping a reasonable and diligent lookout ahead, and that the train was moving slowly and the whistle sounded, and the court in the body of the opinion further said:

"The record in this case does not show negligence on the part of the employees of the defendant. The child was a trespasser upon the property of the defendant. As such the defendant was under no obligation to protect it from injury until it was seen in a place of danger by the employees of the defendant."

This court concluded that the trial court was in error in overruling defendant's demurrer to plaintiff's evidence, and reversed the judgment and remanded the cause, with directions to vacate the judgment and dismiss the action, and cited the following rules in the syllabus:

"In this state, the mere fact that an injury occurs carries with it no presumption of negligence. * * *

"A railroad company will not be held liable for personal injuries alleged to have been caused by the negligent acts of its employees, where there is no positive evidence of negligence or of facts from which negligence can be reasonably inferred. * * *

"Where there is no evidence reasonably tending to show that the defendant was guilty of negligence, it is error for the trial court to submit that issue to the jury."

In City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, this court considered the duty of defendant to an invitee who lost his life, as it was alleged, by reason of the

negligence of the city. This court announced the following rules in the syllabus:

"The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care.

"The question of negligence or no negligence is one of law for the court, where but one inference can reasonably be drawn from the evidence.

"Where plaintiff fails to show primary negligence or breach of duty on the part of defendant, the judgment should be for defendant.

"A demurrer to plaintiff's evidence in a personal injury action ought to be sustained, unless it is reasonably apparent that the injury suffered by the plaintiff is the causal effect from some wrongful act of the defendant, in violation of a legal duty owing to the plaintiff."

This was a well-considered opinion in which Mr. Justice Swindall collected and analyzed many authorities.

In the body of the opinion, the court quoted from the Supreme Court of Missouri in Wheat v. St. Louis, 179 Mo. 572, as follows:

"While the city owes the citizen the duty to keep the highways reasonably safe for persons to pass over, the citizen owes the city the duty to use his God-given senses, and not to run into obstructions that he is familiar with, or which by the exercise of ordinary care he could discover and easily avoid."

We also observe in that opinion the following quotations of the trial court's instructions approved in Wilson v. St. Louis, San Francisco Railway Co., 141 Okla. 108, 283 P. 999, as follows:

"You are further instructed that a railroad track is of itself a warning of danger and one who attempts to cross it must exercise that degree of care which an ordinarily prudent person would exercise under like circumstances. * * * It is the duty of a person about to cross a railroad track to make vigilant use of his senses in order to ascertain if there is a train approaching."

Upon trial of that case, the defendant, city of Tulsa, won the verdict of the jury. The trial court granted plaintiff a new trial, from which order the defendant, city of Tulsa, appealed, and it apparently appeared to this court that the rule requiring plaintiff to establish negligence was so firmly fixed as to require the reversal of the order of the trial court in granting a new trial. And this court reversed and remanded the cause to the trial court, with instructions to sustain the demurrer of the defendant to the sufficiency of the plaintiff's evidence, and render judgment in favor of the defendant for its cost. The court in the body of the opinion quoted from Hines, Director General of R. R., v. Dean, 96 Okla. 107, 220 P. 860, as follows:

"In order to constitute actionable negligence, there must exist a duty on the part of the party charged and a failure of the party charged to perform that duty"

—and the following quotation from Atchison, T. & S. F. Ry. Co. v. Dempsey, 105 Okla. 221, 23 P. 375:

"Where plaintiff fails to show primary negligence or breach of duty on the part of defendant, the judgment should be for defendant"

—and we observe these further quotations:

"This court has repeatedly held: 'The mere fact that an injury occurs carries with it no presumption of negligence. It is an affirmative fact for the injured party to establish that the defendant has been guilty of negligence'." Citing numerous authorities.

"To entitle the plaintiff to recover damages in an action for negligence, he has the burden of proving by a preponderance of the evidence negligence of defendants, and that the negligence alleged and proven was the proximate cause of his injury." Citing numerous decisions of this court.

"In the case of Philadelphia, W. & B. R. Co. v. Fronk, 67 Md. 339, 10 A. 204, 205, 307, 1 Am. St. Rep. 390, the Supreme Court of Maryland, in passing upon the duty of the trial court to determine the issue of negligence or no negligence, quoted with approval from a decision delivered by Lord Chancellor Cairns in Metropolitan Ry. Co. v. Jackson, 3 App. Cas. 197, as follows: 'The judge has a certain duty to discharge, and the jurors have another and a different duty. The judge has to say whether any facts have been established by evidence from which negligence may be reasonably inferred; the jurors have to say whether from these facts, when submitted to them, negligence ought to be inferred; and it is of the greatest importance in the administration of justice that these separate functions should be maintained, and maintained distinct. It would be a serious inroad on the province of the jury if, in a case where there are facts from which negligence may be reasonably inferred, the judge were to withdraw the case from the jury upon the ground that in his opinion, negligence ought not to be inferred; and it would, on the other hand, place in the hands of the jurors a power

which might be exercised in the most arbitrary manner, if they were at liberty to hold that negligence might be inferred from any state of facts whatever'."

In concluding the court said:

"* * * Under the authorities above cited, there was no primary negligence of defendant shown by the plaintiff, and, while it was a regrettable accident, we are compelled to hold there was no actionable negligence shown."

Now, in the instant case, the plaintiff, George Sowards, offered no evidence to establish acts of negligence on the part of the railroad company. For his own benefit or pleasure he placed himself on the right of way near the track. He heard and saw the approaching train, and without taking the trouble to withdraw, he stood, or walked along, according to his own testimony, within a very few feet of the train, very nearly, if not entirely, within arm's length of this freight train which was passing him at full speed. A less generous jury might well have concluded that this act on his part constituted much contributory negligence, but at any rate no act of negligence on the part of the railway company was shown, unless actionable negligence be presumed from the mere presence of the protruding piece of wood or metal which the plaintiff, Sowards, described as being of various lengths from one and a half feet to four and a half feet long, but which, according to his final conclusions on the witness stand, was about three feet long. Under the authorities above noted, we cannot indulge such a presumption of negligence, but it must be proven. The evidence shows without contradiction that the defendant railway company made careful and repeated inspections of this train extending up to a few minutes before the plaintiff was injured, and there is nothing whatever in the record to indicate any negligence in the manner of making these inspections or in the manner of the operation of the train.

The railway company had the right to operate its train along and past this point, and in the absence of any proof of an affirmative act of negligence, or act of omission that would amount to negligence, we cannot hold the railway company liable for this injury.

If it be the law that the company would be liable on account of the fact of the injury on its premises, or if it be the law that the company would be liable merely because the piece of wood or metal projected as it was observed by the plaintiff, though without negligence on the part of the company, then we could decree and approve liability in this case. But the rules of law, which are binding upon us as well as upon the trial courts, require that negligence exist in such cases before there may be liability.

For the reason that there was no proof of negligence on the part of the railway company, we must conclude that the plaintiff's injury, as was said in City of Tulsa v. Harman, supra, "was a regrettable accident, [but] we are compelled to hold there was no actionable negligence shown," and that the trial court should have sustained defendant's demurrer to the evidence of the plaintiff, and that it was in error in overruling the motion of the defendant for an instructed verdict. The facts were all fully developed at the hearing.

The judgment of the trial court is reversed and the cause is remanded to that court, with directions to vacate the judgment and to dismiss this action at the cost of the plaintiff.

CULLISON, V. C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur. RILEY, C. J., and OSBORN, J., dissent. ANDREWS, J., absent. BUSBY, J., disqualified and not participating.