**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a corporation, Plaintiff in Error,**

**v.**

**R. L. GREEN, Defendant in Error.**

**No. 36200.**

Supreme Court of Oklahoma.

May 24, 1955.

Rehearing Denied Sept. 20, 1955.

James L. Homire, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, for plaintiff in error.

Covington & Donovan, Tulsa, for defendant in error.

WILLIAMS, Vice Chief Justice.

This action was brought by R. L. Green, hereinafter referred to as plaintiff, against the St. Louis-San Francisco Railway Co.,

hereinafter referred to as defendant, to recover damages for personal injuries allegedly sustained as a result of being struck by a freight car. Upon a trial to the jury a verdict was rendered for plaintiff upon which judgment was entered, and defendant appeals.

■ The only assignment of error that we find it necessary to consider in this appeal is defendant's contention that the court erred in giving to the jury, over the objection and exception of defendant, instruction No. 7, which instruction is as follows:

"You are instructed that it is the duty of the railroad company and its employees to exercise special care and watchfulness at any point upon its track where people may be expected upon the track in considerable numbers as where the roadbed is constantly used by pedestrians. At such places the railroad company is bound to anticipate the presence of persons upon the track, to keep a reasonable lookout for them, to give warning signals such as will apprise them of the danger of an approaching train, to moderate the speed of its train so as to enable them to escape injury, and a failure of duty in this respect will make the railroad company liable to any person thereby injured, subject to the qualification that the person injured must be free of contributory negligence."

This instruction was the only instruction given dealing with the duty or degree of care owed by defendant to plaintiff, so it cannot be said that any error therein was cured by considering the instructions as a whole. In other instructions the jury was correctly advised that plaintiff owes the duty of exercising ordinary care for his own safety. It therefore appears that the effect of the instructions taken as a whole was to advise the jury that while plaintiff was only required to exercise ordinary care to avoid getting hurt, defendant is required to exercise special care and watchfulness to avoid injuring him. This, we think, was error, since it is well settled that the obligations, rights and duties of railroads, and travelers crossing the tracks of such railroads, are mutual and reciprocal, and that

no greater degree of care is required of one than of the other. An almost identical situation is found in Atchison, T. & S. F. R. Co. v. McClurg, 8 Cir., 59 F. 860, wherein the second paragraph of the syllabus reads as follows:

"The obligations of railroad companies and of travelers crossing their tracks are mutual and reciprocal, and an instruction is erroneous which requires 'ordinary' care of the traveler, and 'a high degree of care' of the company."

The following language found in the body of the opinion in such case is particularly apt here:

"With respect to the second question above stated, it is to be observed that the lower court charged the jury in the following language: 'A railway company is held to a high degree of care in propelling its engines and cars over a public crossing in a town or city.' * * * We are persuaded that the vice of the instruction now under consideration lies in the fact that, when read in connection with other parts of the charge, it imposed upon the railway company a higher degree of care and diligence than the plaintiff was required to exercise. The trial court instructed the jury that 'a person approaching a railroad crossing is bound to look and listen, and to use ordinary care, to ascertain if there is a train approaching.' In at least five other paragraphs of the charge the same thought was repeated,—that the plaintiff, on his part, was only bound to exercise ordinary care in endeavoring to discover whether any train was nearing the crossing. On the other hand, in defining the duty of the railway company by the instruction heretofore quoted, the trial court seems to have assumed that the crossing in question was within the corporate limits of the town of Purcell, and that in approaching that crossing it was the duty of the employees of the railway company to exercise a high degree of care. It is evident, we think, that the charge was erroneous, and well calculated to mis-

lead the jury, in that it did not correctly define the relative degree of care that the respective parties were required to exercise. We should have no doubt on this point if it were a question of first impression, for a person may reasonably be expected and required to take as great precautions to avoid getting hurt as others are required to take to avoid injuring him. But, be this as it may, it has been expressly ruled that 'the obligations, rights, and duties of railroads, and travelers upon highways crossing them, are mutual and reciprocal, and that no greater degree of care is required of the one than of the other.' [Continental] Improvement Co. v. Stead, 95 U.S. [161] 163, 164 [24 L.Ed. 403]. See, also, [Louisville, Cincinnati & Lexington] Railroad Co. v. Goetz, 79 Ky. 442, and Willoughby v. [Chicago & N. W.] Railroad Co., 37 Iowa 432. And in the case of [Delaware, L. & W.] Railroad Co. v. Converse, 139 U.S. 469, 473, 475, 11 S.Ct. 569, which is cited by counsel, with apparent confidence, in support of the proposition that under some circumstances it is the duty of a railway company at a crossing to exercise a high degree of care, the rule was fully recognized that in every case a traveler upon the highway must exercise the same degree of caution which the law in the particular case exacts of the railway company. The error thus noted was called to the attention of the lower court by an exception taken on the trial to instructions given in behalf of plaintiff, on the ground that they required of him a less degree of care than had been imposed on the railway company; and the error in question is apparent from a casual reading of the charge. It has been suggested, however, that it was not prejudicial error, nor of sufficient importance to warrant a reversal. With respect to that suggestion, it is sufficient to say that the very reverse of this proposition seems to us to be true. In a case of this character, where the facts all lie within a narrow compass, and a jury is required to fix the responsibility for the accident by nicely balancing the actions and conduct of one party against those of the other, it is not improbable that the fact that one of the parties was required to exercise a higher degree of care than the other may have had a controlling influence. We must presume from the fact that the court used the expression 'a high degree of care' with respect to the railway company, and repeatedly used the phrase 'ordinary care' in defining the duty of the plaintiff, that the jury attached some importance to the distinction thus drawn. Moreover, unless it clearly appears from the face of the record that the error was harmless, we are not allowed to speculate as to its probable consequences."

The railroad track involved here is a switching spur running along the back of the wholesale and produce houses located in the Trenton market in Tulsa, Oklahoma. Plaintiff alleges that there is a well-defined path running alongside this switching spur that has been used by employees of the wholesale and produce houses and others for many years; that plaintiff was walking along said path when he was struck from behind by a freight car being pushed onto said switching spur by one of defendant's switch engines. The duty or degree of care owed by defendant under such circumstances involves an analysis of the status of the plaintiff at the time he was hurt, whether a licensee or trespasser, and of what duty the law places upon the railway company toward persons occupying such status.

■ It is well settled that where the evidence shows without conflict that a railroad track has been used openly and continuously as a footpath, by a large number of persons, for a long period of time, without objection by the railroad company, a person using such footpath is a licensee. Chicago, R. I. & P. R. Co. v. McCleary, 175 Okl. 347, 53 P.2d 555. Since plaintiff's evidence to the effect that the path he was traveling at the time of his injury was a well-defined path used by many people for many years was not contradicted or attacked by defendant, we conclude that plaintiff's status at the

time of his injury was that of a licensee. The duty or degree of care owed to a licensee has been the subject of many opinions by this court. It came up squarely for decision in this court for the first time in the case of Wilhelm v. Missouri, O. & G. R. Co., 52 Okl. 317, 152 P. 1088, L.R.A. 1916C, 1029 wherein we held that the railroad company is bound to exercise that degree of care and watchfulness to protect against injuring a licensee that is commensurate with the probability that persons may be upon its track at that point. In the later case of Midland Valley R. Co. v. Kellogg, 106 Okl. 237, 233 P. 716, 718, we said:

> "In this case, the jury was warranted in finding that the child in question was on the track by implied invitation, and, therefore, a licensee; and the foregoing rule, as announced in the Wilhelm Case, supra, is applicable, and the company was required to maintain a lookout and to exercise ordinary care to prevent injuring persons whose presence on the track at this point might be reasonably anticipated."

In Chicago, R. I. & P. R. Co. v. McCleary, supra, the second paragraph of the syllabus is as follows:

> "When a licensee is on the tracks or premises of a railroad company by invitation, express or implied, the railroad company is required to exercise such degree of care and watchfulness to protect such person against injury as is commensurate with the probability that such person may be upon its track or premises at that point."

In Gulf, C. & S. F. R. Co. v. Nail, 156 Okl. 294, 10 P.2d 668, the rule announced in Wilhelm v. Missouri, O. & G. R. Co., supra, was cited with approval. And in the fourth paragraph of the syllabus in Oklahoma Biltmore, Inc., v. Williams, 182 Okl. 574, 79 P.2d 202, we said:

> " 'Ordinary care' correctly expresses the duty of the possessor of premises toward a licensee thereon, and such an expression of the measure of said duty in an action by the latter against the former for personal injuries is not erroneous."

It is true that the instruction in question is a verbatim quote from a portion of the third paragraph of the syllabus in Missouri, K. & T. R. Co. v. Wolf, 76 Okl. 195, 184 P. 765, but we think the trial court, in giving such instruction, was misled by the language contained in the third paragraph of such syllabus. Such paragraph merely states as an abstract proposition of law that under certain circumstances a railway company is bound to exercise special care and watchfulness. The special care and watchfulness referred to, however, is the duty of the railroad company to use reasonable and ordinary care to avoid injury to persons whose presence on its premises was known, or whose presence it might reasonably have anticipated, as contrasted with the lack of such duty in the case of trespassers or those whose presence on the premises is merely tolerated, in which case, as stated in Missouri-Kansas-Texas R. Co. v. Sowards, 165 Okl. 214, 25 P.2d 641, the railroad company owes no special duty except not to wantonly or wilfully injure such person. This is made clear by a reading of the opinion which discloses that the defendant railroad company was there contending that it was under no duty to exercise ordinary care to discover plaintiff in a place of danger and prevent injury to him. We overruled such contention and held that such defendant was under such duty. Furthermore, the duty or degree of care owed by a railroad company under such circumstances is plainly stated in the fourth paragraph of the same syllabus, which reads as follows:

> "Where deceased was walking along the railroad track, in broad daylight, in a well-settled community, near but not on a public crossing, where, to the knowledge of the railway company, the public has been for a long time prior thereto accustomed to using the track for their own convenience as a pathway, and where the track was so situated that deceased might have been clearly visible for a considerable distance ahead of the train, the duty rested upon the railway company to use such degree of care for the safety of deceased as was commensurate with

the probability that some person might be using the track as a pathway, or, differently stated, to use reasonable and ordinary care to avoid injury to persons whose presence on its premises was known, or whose presence it might reasonably have anticipated; and a failure to use such care, resulting in injury and death to deceased, will make the railway company liable therefor."

We conclude that the trial court erred in giving instruction No. 7, and that such error requires the granting of a new trial. In view of such conclusion we find it unnecessary to consider the other assignments of error urged.

Reversed and remanded with instructions to grant defendant a new trial.

JOHNSON, C. J., and WELCH, HALLEY and JACKSON, JJ., concur.

CORN and BLACKBIRD, JJ., dissent.