MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a corporation, Plaintiff in Error,

v.

William A. RATICAN, Jr., Administrator of the Estate of Roy G. Ham, Deceased, Defendant in Error.

No. 40593.

Supreme Court of Oklahoma.

Dec. 21, 1965.

Rehearing Denied April 19, 1966.

517

Lloyd W. Jones, Denison, Tex., J. G. Ralls, Atoka, A. James Gordon, McAlester, for plaintiff in error.

R. Kay Matthews, Atoka, by James E. Driscoll, Seminole, for defendant in error.

WILLIAMS, Justice.

The parties will be referred to herein as they appeared in the trial court, plaintiff in error as defendant and defendant in error as plaintiff.

Plaintiff alleged as follows: That on April 12, 1959, Roy G. Ham was attempting to cross the railroad trestle over Muddy Boggy Creek upon a wooden-floored walkway, part of a much traveled pathway beside the railroad track on defendant's property; that the foot-path was used by the public with the knowledge and consent of the owner; it had been so used for forty years; that midway across the trestle Roy G. Ham was overtaken by a 109-car freight

train; he stepped to the outer, or east, edge of the walk-way, turned his back to the passing train, and leaned his forearms on the banister; he was struck by a wooden pole protruding from one of the cars of the train; that the pole had come loose at one end only, which end extended eastward, or out to the right of the forward progress of the train.

Plaintiff's further allegations were that the train was negligently operated; that the cargo of poles on the flatcar from which the offending pole protruded had been negligently loaded, carelessly secured and inspected; that with reasonable diligence defendant's employees could have seen it dangling and could have seen Mr. Ham standing on the walk-way of the railroad trestle within a distance from the rails that the end of the pole would reach; that but for the speed of the train at in excess of 35 miles per hour defendant's employees would have been able to stop the train, or slow down sufficiently to permit Mr. Ham to proceed off the trestle.

Defendant denied that it was negligent in any way, and alleged that if Mr. Ham was struck by a protruding pole, which it did not admit, that such resulted from his own negligence; that Mr. Ham was a trespasser, or at most a "mere licensee," and plaintiff was not entitled to any recovery.

Plaintiff's reply denied the material allegations of the railroad's answer and alleged that defendant operated the train at a speed which violated a particular city ordinance which constituted negligence per se.

At the close of plaintiff's evidence the defendant demurred to the evidence which demurrer was by the court overruled. At the close of all the evidence the defendant renewed its demurrer and moved for an instructed verdict on the ground that plaintiff had failed to prove any negligence on the part of the defendant, which demurrer and motion were overruled, exceptions being allowed. The trial resulted in a judgment in favor of plaintiff and defendant has appealed, seeking reversal with instructions to

dismiss or, in the alternative, that the judgment be reversed with instructions to grant a new trial.

Defendant submits three propositions in support of its contention that the trial court erred, to-wit: (1), That plaintiff's evidence was not sufficient to submit the case to the jury; (2), that the court erred in giving the jury Instruction No. 9, objected to by defendant, which purported to quote the city ordinance of the City of Atoka fixing a ten-mile an hour speed limit for freight trains traveling within the municipal limits, and which said ordinance was not introduced in evidence; and, (3), that the court and jury erred in allowing excessive damages resulting from the influence of passion and prejudice.

■ In support of its first proposition defendant relies upon the rule set forth in an annotation following the case of Musto v. Lehigh Valley Railroad, 327 Pa. 35, 192 A. 888, 112 A.L.R. 842, 851, that persons walking along the right of way of a railroad company for their own advantage or convenience are considered trespassers to whom the railroad owes no duty except to refrain from recklessly or wantonly injuring them, and argues that this rule has been applied in several cases where such persons have been injured or killed by objects projecting, accidentally falling, or being thrown from a passing train. Mentioned in both that case and in the annotation accompanying it is Missouri-Kansas-Texas R. Co. v. Sowards, 165 Okl. 214, 25 P.2d 641, in which appeal was applied the rule that persons walking along a railroad track for their own convenience are considered trespassers and where there is nothing in the record which indicates any negligence on the part of the railway company in making inspections or handling train operations, the railway owes them no duty except to refrain from wantonly injuring them as by permitting objects to project from a passing train or in some other such manner. The facts in Missouri-Kansas-Texas R. Co. v. Sowards, supra, were by this Court seen as distinguishable from those in Wilhelm v. Mis-

souri, O. & G. Ry. Co., 52 Okl. 317, 152 P. 1088, Chicago, Rock Island & P. Ry. Co. v. Austin, 63 Okl. 169, 163 P. 517, L.R.A. 1917D, 666, and Missouri, K. & T. Ry. Co. v. Wolf, 76 Okl. 195, 184 P. 765, in that in the former it was said that but one inference could be drawn from the evidence and therefore negligence was a question of law for the court, while the latter decisions involved evidentiary facts from which affirmative and positive acts of neglience of defendant could be found or could be inferred by the jury. While a strip of wood or piece of metal such as protruded in Missouri-Kansas-Texas R. Co. v. Sowards, supra, might escape notice during inspection, it appears to us that evidence that a bridge piling or a telephone pole or similar article protruded so far from the side of the flatcar that it struck Mr. Ham as he stood leaning over the outside banister of the walk-way across the trestle might be sufficiently visible to train crew employees operating a train on a straight track during daylight to sustain an inference on the part of the jury that defendant's employees ought to have been aware that it so protruded and constituted a menace. The situation in Missouri-Kansas-Texas R. Co. v. Sowards, supra, appears less applicable here than the rule of the decisions from which it was distinguished.

In Missouri, K. & T. Ry. Co. v. Wolf, supra, it was held where men of ordinary intelligence might differ as to the effect of the evidence as to whether defendant's negligence was the proximate cause of the injury sustained, or there is conflicting evidence, the case is one for the jury; also, "[w]here deceased was walking along the railroad track, in broad daylight, in a well-settled community, near but not on a public crossing, where, to the knowledge of the railway company, the public has been for a long time prior thereto accustomed to using the track for their own convenience as a pathway, and where the track was so situated that deceased might have been clearly visible for a considerable distance ahead of the train, the duty rested upon the railway company to use such degree of care

for the safety of deceased as was commensurate with the probability that some person might be using the track as a pathway, or, differently stated, to use reasonable and ordinary care to avoid injury to persons whose presence on its premises was known, or whose presence it might reasonably have anticipated; and a failure to use such care, resulting in injury and death to deceased, will make the railway company liable therefor." This decision points out that while it has been held by some courts that a trespasser or bare licensee is owed no duty of active vigilance to discover, but is only owed the duty of exercising ordinary care not to injure him after discovery, there are many authorities which take a better view as expressed by Thompson on Negligence (2nd Ed.) § 1726 that, " * * * without regard to the question whether the person killed or injured in the particular case was or was not a trespasser or a bare licensee upon the track of the railway company, the company is bound to exercise special care and watchfulness at any point upon its track, where people may be expected in considerable numbers, as, for example, * * * a bridge in a thickly settled community which the public, in considerable numbers, have used for many years * * *"

Plaintiff's evidence showed that people frequently used the path. A witness stated: "I have observed people using the bridge * * *" "I couldn't tell you the dates". "I knew some of them, but I couldn't call them by name." Another witness had, over a period of 20 or 24 years, observed the pathway being used generally by the public. She said that she and others she named, had used it over that time, had taken groups of school children on outings along the pathway over the railroad bridge. Other witnesses, employees of defendant, testified to having seen people walking back and forth across the railroad bridge. One said he had seen them "quite often". Plaintiff states that the terms "many people" or "a large number of people" are relative, depending to some extent upon the size of the population of the city or area

with respect to which such a term may be said to apply. We agree. Whether "many people" used the pathway across the railroad bridge over a long period of time with the consent of the company owning the track and land on which it is situated so as to constitute the pathway a thoroughfare in open and continuous use by the public appears to be, under the evidence presented here, a fact question to be determined by the trier of the facts. We find no merit in defendant's first proposition.

Plaintiff's second amended petition charged that defendant was guilty of negligence in failing to properly load the cargo of poles upon the flatcar; failing to make the cargo secure after it had been loaded; failing to inspect the cargo after the loading operation; and carelessly and negligently operating the entire train without regard for the safety of Mr. Ham.

The record here shows that the plaintiff made no attempt to support the allegations of the petition that the flatcar carrying the cargo of poles was improperly loaded or that the cargo was improperly secured on the flatcar.

Concerning the allegation that defendant was negligent in making inspections there was conflicting evidence. Opposing defendant's evidence that inspection was duly made when the train was made at Ray, Texas, and that inspections were subsequently made in the course of the train's progress north toward Atoka, the last occurring about 35 or 40 miles back, plaintiff's evidence was that Mr. Ham was fatally injured by being struck by a pole, one end of which extended beyond the side of the train so far that it struck Mr. Ham as he was standing on the outer edge of the walk-way leading across the trestle, and the pole was observed, seven miles farther north, still dangling out to the side some eight to twelve feet beyond the load of bridge piling or telephone poles.

Plaintiff contends that the pole would not have been thrust against Mr. Ham with such force if the train had been moving at ten miles per hour, or less, as the city ordi-

nance of Atoka required, that is, if the speed of the train had been within the limit of the city ordinance; that the additional time afforded by the slower speed would have permitted Mr. Ham to move off the trestle; that the violation of the ordinance thereby proximately caused the fatal injury.

The evidence showed that the city limits of Atoka extend to the north side of Muddy Boggy Creek which runs generally east and west of the point where the railroad trestle spans it and that the part of the trestle on which Mr. Ham was standing at the time he was injured was within the city limits of Atoka. It was shown that the train was traveling at a speed of somewhere between 40 and 50 miles per hour when it crossed that trestle.

It appeared that the City of Atoka had a municipal ordinance which restricted the speed of trains within the municipal limits to a maximum of ten miles per hour.

Plaintiff contends that Mr. Ham had a right to rely upon defendant's observance of the speed ordinance; that defendant was operating its train in violation thereof at the time of Mr. Ham's injury; that such manner of operation constituted negligence per se; that whether or not the speed of the train was the proximate cause of the accident, that is, whether Mr. Ham's injury proximately resulted from the violation of the speed ordinance, was a proper question for the jury to determine.

In this connection, the trial court, over defendant's objection, gave the instruction of which defendant complains in its second proposition of error, which instruction reads:

"It is provided by the Ordinance of the City of Atoka, Oklahoma, as follows: 'Section 1. Any person who shall conduct, run or cause to be run, any railway engine or car at the greater speed than ten (10) miles an hour within the corporate limits of this city shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any sum not to exceed $100.00.' In this connection, you are instructed that

failure to obey this ordinance would constitute negligence per se, and if you find from the evidence that the defendant, through its agents and servants operated train No. 42 with 100 cars attached at a greater speed than 10 miles per hour, and that the operation thereof was the proximate cause of the injuries suffered by the plaintiff, then your verdict should be for the plaintiff and against the defendant for such an amount as you find he is entitled to under the evidence and other instructions herein contained."

The record demonstrates that the trial court, as well as the attorneys for both sides of this case, proceeded to trial upon the assumption that the ordinance of the City of Atoka which limited the speed of trains within the limits of Atoka to 10 miles per hour was in evidence. At first glance, the stipulation of the counsel for the parties made at the pre-trial conference would seem to so indicate, although further study thereof raises inquiry as to whether the agreement went further than waiving the necessity of identification and authentication of the ordinance. The stipulation reads:

"It is stipulated by and between the parties hereto that Section 1 of the city ordinances of Atoka, Oklahoma, passed and approved on July 21, 1909, as pleaded in plaintiff's petition, may be admitted into evidence without formal identification or authentication."

That such an ordinance was in effect at the time the accident occurred is alleged in the amended petition on which plaintiff proceeded to trial, the same being quoted therein as follows:

"Section 1. Any person who shall conduct, run or cause to be run, any railway engine or car at the greater speed than ten (10) miles an hour within the corporate limits of this city shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any sum not to exceed $100.00."

While pleaded, the ordinance was not proven by formal introduction in evidence. The force of defendant's contention here that its rights were prejudiced by the quoting of the speed ordinance in the trial court's instruction number nine, while supported by Barton v. Harmon, 203 Okl. 274, 221 P.2d 656, and other decisions, to effect that judicial notice may not be taken of municipal ordinances but they must be alleged and proved, is offset by the fact that defendant itself requested the court to so instruct. The context of the identical ordinance is contained in defendant's requested instruction number eleven.

Prejudice did not result to defendant by omission to formally introduce the ordinance for instruction No. 10, which referred to the ordinance, Ordinance No. 23 of the City of Atoka, and which interpreted the meaning thereof, was given by the court pursuant to defendant's requested Instruction No. 11 which reads:

"You are instructed that if you find from a preponderance of the evidence that Roy G. Ham, while walking or standing upon the railroad bridge owned by the defendant railroad company was struck by a pole or any other object swinging or protruding from a car which was a part of a freight train operated by said defendant railroad company and at such time the said Roy G. Ham was outside of the City Limits of the City of Atoka, Oklahoma, as defined by Ordinance No. 23 of said City, then and in that event the defendant railroad company, its servants, agents and employees, were not guilty of any violation of the City Ordinance of the City of Atoka prescribing a speed limit of 10 miles per hour for any railway engine or car within the corporate limits of said City and the operation of the said freight train of the defendant at a speed greater than 10 miles per hour was not in itself negligence."

Plaintiff's proof if believed by the jury, tended to show clearly that the deceased, when struck by the extending end of the dis-

lodged pole, was then near the middle of the railroad trestle and definitely inside the city limits of the City of Atoka. The effect of the defendants' request for such instruction, under the circumstances, coupled with the pleading of the ordinance and the stipulation concerning the instruction thereof, was tantamount to an admission of its existence and effect. It is apparent that the speed limit ordinance was in effect at the time with which this case is concerned. Under all the circumstances the lack of formal introduction of the ordinance in evidence was not prejudicial to defendant and the absence of its formal introduction in evidence does not necessarily require reversal.

We believe that the speed of the train and the alleged failure of defendant's employees to be properly watchful, urged as the proximate cause of plaintiff's decedent's injuries, were, under the circumstances of this case, for determination by the jury.

Defendant also contends that excessive damages were allowed plaintiff, indicative of passion or prejudice. The verdict allowed $19,000 for pain and suffering. Defendant points out that less than two hours elapsed between the occurrence of the accident and deceased's entry into the hospital, and that, once admitted there, by the administering of drugs, his pain was reduced. Defendant submits no authorities on this proposition and a search of the decisions reveals no criteria deemed persuasive on the point, each decision being governed by particular circumstances. In this case the evidence shows that the deceased was suffering excruciating pain when he was admitted to the hospital in Denison, Texas; that he was breathing shallowly and rapidly, was groaning and complaining of pain in the right shoulder area. His face registered pain. He had made the trip from Atoka to Denison without benefit of any medication for the relief of pain. He had abrasions on the right chest and over the back, several fractured ribs with lacerations of the lung which allowed air to escape and get into the tissues of the skin. He responded in some degree to medications for relief of pain the first twelve hours but after that he complained of severe pain in his chest and had great difficulty in breathing.

Plaintiff's suit was for loss of earnings also, for which the jury allowed nothing, probably because of his advanced age, and because he had income in the form of a retirement pension from the railroad. The jury here made no allowance for loss of earnings nor does the size of the pain and suffering award of itself indicate passion and prejudice. There was competent testimony tending to support the verdict in regard to the award for pain and suffering.

Affirmed.

JACKSON, V. C. J., and DAVISON, BLACKBIRD and BERRY, JJ., concur.

HALLEY, C. J., and IRWIN, HODGES and LAVENDER, JJ., dissent.